CARL M. MAZZOCONE, ANCILLARY PERSONAL REPRESENTATIVE C. T. A. OF THE ESTATE OF LOIS BONOTAUX DRUMMOND, DECEASED v. ROBERT WATCHORN DRUMMOND

No. 7820SC948

(Filed 31 July 1979)

1. **Abatement § 13— action to collect judgment—death of plaintiff—no abatement**
    There was no merit to defendant's contention that the action abated because he had not been served with process at the time of the death of plaintiff, since the plaintiff's cause of action was simply an action to collect a debt, that debt being a Pennsylvania judgment, and a cause of action based upon the collection of a debt survives the death of a plaintiff.

2. **Rules of Civil Procedure § 12.1— pendency of prior action—defense improperly raised—waiver**
    Defendant waived his defense of pendency of a prior action between the parties involving the same cause of action, since defendant did not present his defense in a properly filed answer.

APPEAL by defendant from *Walker (Hal H.), Judge.* Judgment entered 10 May 1978 in Superior Court, MOORE County. Heard in the Court of Appeals 15 June 1979.

On 3 June 1960, Lois Bonotaux Drummond instituted an action in the Court of Common Pleas of Montgomery County, Pennsylvania against her husband, the defendant, for permanent alimony. After a hearing on the matter during which the defendant made a general appearance, that court issued an order direct-

ing the defendant to pay his wife a certain sum for her maintenance and support. On 9 July 1976, Mrs. Drummond filed a petition for attachment and entry of judgment against the defendant on the grounds that the defendant was delinquent in his alimony payments. On 29 July 1976, after a hearing in open court, the trial judge for the Court of Common Pleas of Montgomery County, Pennsylvania entered a judgment against the defendant in the amount of $47,000. On 24 August 1977, Mrs. Drummond filed her complaint in Superior Court, Moore County, by which she sought to have that court give full faith and credit to the Pennsylvania judgment. A summons was issued on that same date, but it was not served on defendant until 17 September 1977 at approximately 4:00 p.m. However, around eleven hours earlier that same day, Mrs. Drummond had died of terminal cancer. On 4 November 1977, the defendant filed an answer in which he alleged, among other things, that the matter was already pending in District Court of Moore County. On 3 February 1978, Carl M. Mazzocone, the personal representative of the estate of Mrs. Drummond, moved that he be substituted as the plaintiff in the Moore County action. On that same date, Mazzocone also filed a motion for summary judgment. In support of his motion for summary judgment, Mazzocone filed an affidavit attesting to the fact that a judgment in the amount of $47,000 had been entered by the Pennsylvania court against the defendant and that no payments had been made on that judgment. On 28 March 1978, the defendant filed a motion to stay the proceedings on the ground that he had filed an action in Pennsylvania to set aside the judgment of the Pennsylvania court. On 3 April 1978, the trial court denied the defendant's motion to stay and allowed Mazzocone's motion to be substituted as plaintiff. One month later, on 3 May 1978, the defendant filed a motion for leave to file an answer or in the alternative for leave to amend his answer. On 5 May 1978, the defendant filed a motion to have the matter transferred to District Court. The defendant also filed an affidavit in which he indicated that the same subject matter of the action was then pending in the District Court of Moore County. On 11 May 1978, the trial court denied the defendant's motion to stay the proceedings and then entered summary judgment in favor of the plaintiff. After summary judgment had been entered, the defendant filed a proposed answer and counterclaim. From the entry of summary judgment in favor of the plaintiff, the defendant appealed.

Additional facts pertinent to this appeal are hereinafter set out.

*Nichols, Caffrey, Hill, Evans & Murrelle, by William W. Jordan and R. Thompson Wright; Sabiston & Thompson, by William D. Sabiston, Jr., for plaintiff appellee.*

*J. Gates Harris and Seawell, Pollock, Fullenwider, Robbins & May, by P. Wayne Robbins, for defendant appellant.*

ERWIN, Judge.

[1]  The defendant first contends that this action abated, because he had not been served with process at the time of the death of Mrs. Drummond. Mrs. Drummond filed her complaint on 24 August 1977. By doing so, she commenced this civil action as of that date. G.S. 1A-1, Rule 3. At all times thereafter, this action was a viable pending action. Although Mrs. Drummond died while this action was pending, her death did not abate the action. "No action abates by reason of the death of a party if the cause of action survives." G.S. 1A-1, Rule 25(a). The plaintiff's cause of action in the present case is simply an action to collect a debt, that debt being a Pennsylvania judgment. *See Teele v. Kerr,* 261 N.C. 148, 134 S.E. 2d 126 (1964). A cause of action based upon the collection of a debt survives the death of a plaintiff. *See* G.S. 28A-18-1. Therefore, this action did not abate upon the death of Mrs. Drummond.

We note that the defendant was required to file an answer admitting or denying the averments of the plaintiff's complaint within 30 days after he was served with the summons and complaint. G.S. 1A-1, Rule 8(b), 12(a)(1). The defendant failed to comply with that requirement. "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." G.S. 1A-1, Rule 8(d). Therefore, all averments in the plaintiff's complaint with the exception of the amount of the Pennsylvania judgment are deemed admitted by the defendant, and they are not in issue.

[2]  The defendant next contends that the plaintiff's action should have been abated for the reason set forth in the defendant's plea in abatement. All pleas have been abolished by

the Rules of Civil Procedure. G.S. 1A-1, Rule 7(c). However, the pendency of a prior action between the same parties for the same cause of action is a legal defense to a claim for relief in the same nature as a plea in abatement. *Lehrer v. Manufacturing Co.*, 13 N.C. App. 412, 185 S.E. 2d 727 (1972). All legal defenses to a claim for relief, with certain exceptions not applicable to this case, must be asserted in the responsive pleading. G.S. 1A-1, Rule 12(b). If they are not, they are waived. Since the defendant did not present his defense in a properly filed answer, his defense was waived. The defendant's proffered answer was not timely filed and was, for that reason, insufficient to either raise a defense for the first time or revive a defense that had already been waived. Therefore, the defendant's contention is without merit.

The defendant next contends that the trial court erred in granting summary judgment, because the Pennsylvania court order providing for the payment of alimony to Mrs. Drummond could have been modified retroactively. Assuming *arguendo* that the Pennsylvania court order could be modified retroactively, that fact does not affect the outcome of this case. The plaintiff's claim was not based upon that order; the plaintiff's claim was based upon a judgment. In other words, the plaintiff was not seeking to collect alimony payments that were in arrears; instead, she was attempting to have the courts of this State enforce a judgment that was entered in her favor by the courts of Pennsylvania. The defendant has not shown, nor do we find, that the judgment was anything other than a final judgment. Therefore, the judgment must be accorded full faith and credit.

The defendant has presented additional assignments of error which we have reviewed and find to be without merit.

Affirmed.

Judges CLARK and CARLTON concur.