KENNETH E. ATKINS AND WIFE, RUTH S. ATKINS v. ROSS W. NASH

No. 8217SC346

(Filed 5 April 1983)

1. Appeal and Error § 6.6— prior action pending—denial of motion to dismiss—immediate appeal

The denial of a motion to dismiss on the ground of a prior action pending is immediately appealable.

2. Abatement and Revival § 6; Rules of Civil Procedure § 3— commencement of action—prior action pending

The trial court erred in refusing to dismiss plaintiffs' Rockingham County action against defendant on the ground of a prior pending action by defendant against plaintiffs in Mecklenburg County because summons was first served in plaintiffs' Rockingham County action where the complaint was first filed in defendant's Mecklenburg County action, since under G.S. 1A-1, Rule 3 a civil action is commenced by filing a complaint, and the earlier service in the Rockingham County action was thus not determinative of the issue.

**3. Abatement and Revival § 3; Rules of Civil Procedure § 13— prior pending action—compulsory counterclaim—motion to dismiss treated as motion under Rule 13(a)**

Where plaintiffs' claims clearly arose out of the same transaction or occurrence which formed the basis of defendant's prior pending action in another county, G.S. 1A-1, Rule 13(a) required that they be alleged as counterclaims in that action, and the trial court should have treated defendant's motion to dismiss plaintiffs' claims on the ground of a prior pending action as a motion under Rule 13(a) and should have allowed the motion with leave to file such claims as counterclaims in defendant's prior action.

APPEAL by defendant from *Morgan, Judge.* Order entered 8 January 1982 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 8 March 1983.

*Hamel, Hamel & Pearce, P.A., by Edward D. Seltzer, for defendant appellant.*

*Thomas S. Harrington for plaintiff appellees.*

WHICHARD, Judge.

## I.

The issues presented are whether the court erred in (1) denying defendant's motion to dismiss on grounds of a prior pending action, and (2) denying defendant's motion for a change of venue "for the convenience of parties and witnesses." Our holding, for reasons hereafter set forth, that the court should have granted the first motion, renders consideration of the second issue unnecessary.

## II.

[1] A threshold question of appealability is presented. Our Supreme Court has treated refusal to abate on grounds of a prior pending action as immediately appealable. *E.g., Pittman v. Pittman,* 248 N.C. 738, 104 S.E. 2d 880 (1958); *McDowell v. Blythe Brothers Co.,* 236 N.C. 396, 72 S.E. 2d 860 (1952). Subsequent to the adoption of G.S. 1A-1, Rule 13(a), relating to compulsory counterclaims, that Court has treated denial of a motion to dismiss on the ground of a prior action pending as a motion pursuant to that rule, and has allowed immediate review. *Gardner v. Gardner,* 294 N.C. 172, 240 S.E. 2d 399 (1978). We therefore consider the appeal.

## III.

Plaintiffs and defendant agreed to "a Section 1031 like kind tax-free exchange" of two tracts of real property in Rockingham County. Plaintiffs were to construct a building on one tract for use by defendant. Upon completion thereof, they were to convey that tract to defendant in exchange for one owned by defendant.

Plaintiffs alleged full performance on their part, including tender of all required documents, but wilful breach by defendant in refusing to accept the tender. They sought specific performance of the contract or, in the alternative, damages for breach, punitive damages, and treble damages with attorney's fees on the ground that defendant's conduct amounted to an unfair or deceptive act or practice affecting commerce.

## IV.

Defendant filed a "Motion to dismiss and motion to change venue" alleging the following:

He is a resident of Mecklenburg County. Plaintiffs are residents of Rockingham County. The subject property is in Rockingham County.

He had filed "a prior pending action in Mecklenburg County involving the same breach of contract" on 31 July 1981. The action here was not commenced until 21 August 1981. Under G.S. 1A-1, Rule 3, a civil action is commenced by filing a complaint. By law this action is abated by the prior action in Mecklenburg County, and thus should be dismissed.

Because the action involves a contract which he executed, and because he presently resides in Mecklenburg County, that county is the proper venue. Plaintiffs' complaint raises the single issue of whether defendant's acts constituted a breach of contract, and "an identical law suit previously has been filed in Mecklenburg County." It will involve great expense and inconvenience for his witnesses to require them to attend court in Rockingham County, and "for the convenience of the parties and witnesses and in the interests of justice and fairness, this matter should be removed from Rockingham County, under the provisions of . . . [G.S.] 1-83."

On the basis of these allegations, defendant moved for (1) an order dismissing this action on the basis of a prior pending action, and (2) an order removing the action for trial from Rockingham County to Mecklenburg County. Shortly after filing his motions, he filed an affidavit setting forth essentially the allegations contained in the motions, together with the complaint and summonses in the Mecklenburg County action.

Plaintiffs, in response, denied that the Mecklenburg County action was a prior pending action, that this action was abated or should be dismissed, and that this action should be removed to Mecklenburg County "for the convenience of parties and witnesses."

## V.

[2] The trial court denied defendant's motions. Its order recited the following:

> The court being of the opinion that the Motion to dismiss on the grounds of a prior pending action should be denied for the fact that the Complaint in the Rockingham County action was served upon Nash as Defendant in Mecklenburg County, North Carolina prior to service of the Mecklenburg County action on the Atkins as Defendants (they being Plaintiffs in the Rockingham County action), the court being of the opinion that Rockingham County has jurisdiction due to the prior service.

> The Defendant's Motion for change of venue is denied on the grounds that the subject case involves the specific performance of a contract involving the exchange of real estate located in Rockingham County and Rockingham County, therefore, is the proper venue for the action.

Defendant appeals.

## VI.

Prior to adoption of the Rules of Civil Procedure, a civil action was commenced by the issuance of summons. *See* former G.S. 1-14, 1-88 (repealed by 1967 N.C. Sess. Laws, ch. 954, s. 4 (amended by 1969 N.C. Sess. Laws, ch. 803, to extend effective date from 1 July 1969 to 1 January 1970)). "Under prior practice, former §§ 1-14 and 1-88 combined to say that in most cases an ac-

tion was commenced with the issuance of summons." G.S. 1A-1, Rule 3, Comment. Thus, "[a]n action [was] pending for the purpose of abating a subsequent action between the same parties for the same cause from the time of the issuance of the summons until its final determination by judgment." *McDowell, supra,* 236 N.C. at 398-99, 72 S.E. 2d at 862.

Now, however, a civil action is commenced by filing a complaint. G.S. 1A-1, Rule 3. In *Mazzocone v. Drummond,* 42 N.C. App. 493, 495, 256 S.E. 2d 843, 845, *cert. denied,* 298 N.C. 298, 259 S.E. 2d 300 (1979), this Court stated: "[Plaintiff's decedent] filed her complaint on 24 August 1977. By doing so, she commenced this civil action *as of that date.* G.S. 1A-1, Rule 3. *At all times thereafter, this action was a viable pending action."* (Emphasis supplied.) It held that the action there, having been properly commenced by filing a complaint, was not abated by the plaintiff's death prior to service of summons on the defendant. The service date thus was not material to the viability of the action, which had been established by the filing of the complaint.

Service of summons was equally immaterial here. The earlier filing of the Mecklenburg complaint established the prior pendency of that action, and earlier service in this Rockingham action was not properly determinative of the issue. The expressed rationale for denial of defendant's motion to dismiss was thus incorrect.

VII.

[3]    Denial of the motion itself was also improper.

G.S. 1A-1, Rule 13(a), provides:

> *Compulsory counterclaims.* — A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if
>
> > (1) At the time the action was commenced the claim was the subject of another pending action, or

(2) The opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule.

In *Gardner v. Gardner, supra,* our Supreme Court treated a motion to dismiss on grounds of a prior pending action as a motion pursuant to Rule 13(a); and held that the motion should have been allowed because the action there arose out of the same transaction or occurrence which formed the basis of the movant's prior action, and there was no reason not to apply the Rule.

Here, as in *Gardner,* the subject matter of this action "may be denominated a compulsory counterclaim" in the prior action filed in Mecklenburg County. 294 N.C. at 176, 240 S.E. 2d at 403. It clearly arose out of the same transaction or occurrence, *viz.,* the contract for an exchange of real property. It was extant when a responsive pleading would have been due in the Mecklenburg action. It does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. Plaintiffs' claims were not the subject of another pending action when defendant's Mecklenburg action was filed, and defendant did not bring suit upon his claim "by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim . . . ." The exceptions to the compulsory counterclaim provisions of Rule 13(a) are thus inapplicable.

As noted in *Gardner,* "[o]nce a claim has been denominated a compulsory counterclaim under Rule 13(a), the question what must be done with it if it is filed as a subsequent, independent claim is not answered by the rule itself." *Id.* at 176, 240 S.E. 2d at 403. The Supreme Court there held that any claim which is filed as an independent action during pendency of a prior claim, and which may be denominated a compulsory counterclaim in the prior action under Rule 13(a), must be dismissed with leave to file it as a counterclaim in the prior action or stayed until final judgment has been entered in that action. *Id.* at 181, 240 S.E. 2d at 406. It stated:

. . . [I]n order to give effect to the purpose of Rule 13(a) [,] once its applicability to a second independent action has been determined, this second action must on motion be either

(1) dismissed with leave to file it in the former case or (2) stayed until the former case has been finally determined.

*Id.* at 177, 240 S.E. 2d at 403. While that decision related to claims in marital disputes, we perceive no valid reason why the procedure there prescribed should not be of general applicability where the subject matter of the subsequent action was properly the subject of a compulsory counterclaim in the prior action.

Because plaintiffs' claims here clearly arose out of the same transaction or occurrence which formed the basis of defendant's prior action, Rule 13(a) required that they be alleged as counterclaims in that action. The trial court, pursuant to *Gardner, supra,* should have treated defendant's motion to dismiss on grounds of a prior pending action as a motion under Rule 13(a), and should have allowed the motion with leave to file the claims asserted here as counterclaims in that action.

The order denying the motion is therefore reversed. The cause is remanded with instructions to grant the motion, with leave to plaintiffs to assert the claims alleged here as counterclaims in the Mecklenburg action.

## VIII.

G.S. 1-76, in pertinent part, provides:

Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by law:

(1) Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest . . . .

Plaintiffs contend this statute is "finally determinative" in that their claim for specific performance is one for "recovery of real property, or of an estate or interest therein," it thus "must be tried in the county in which the subject of the action . . . is situated," and it is undisputed that the land which is the subject of both actions lies in Rockingham County.

That question was not before the trial court, however, and it thus is not before us. Pursuant to leave herein instructed to be

granted, plaintiffs may choose to file their claim for specific performance as a counterclaim in defendant's Mecklenburg action. If so, they may then file a motion for change of venue pursuant to G.S. 1-76(1). *See Manufacturing Co. v. Brower*, 105 N.C. 440, 11 S.E. 313 (1890).

Reversed and remanded.

Judges HEDRICK and BRASWELL concur.