WINSTON-SALEM JOINT VENTURE, A PARTNERSHIP v. CATHY'S BOUTIQUE, INC.

No. 8421DC437

(Filed 5 February 1985)

**Rules of Civil Procedure § 13— libel action—action for breach of lease—no compulsory counterclaim**

There was no logical connection between defendant tenant's action for libel and plaintiff landlord's action for breach of lease which would require that the action for breach of lease be filed as a compulsory counterclaim pursuant to G.S. 1A-1, Rule 13(a).

APPEAL by defendant from *Alexander, Judge.* Order entered 23 January 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 7 January 1985.

This is a civil action in which plaintiff, Winston-Salem Joint Venture (Joint Venture), seeks damages from defendant Cathy's Boutique, Incorporated (Cathy's), for breach of a lease agreement.

On 13 October 1983, Cathy's filed an action against Joint Venture and other named defendants alleging libel and unfair and deceptive trade practices arising out of a cartoon published in the *Hanes Mall Herald,* a newspaper containing news, advertisements and promotional material for tenants and customers of Hanes Mall in Winston-Salem. (83CVS5410)

On 3 November 1983, Joint Venture filed the action for breach of lease that is the subject of this appeal. (83CVD5764)

On 5 January 1984, Cathy's filed a motion to dismiss Joint Venture's action on the lease pursuant to G.S. 1A-1, Rules 12(b)(1) and 13(a). This motion to dismiss was denied on 23 January 1984 by the Honorable Abner Alexander, Chief District Court Judge.

Cathy's appealed and Joint Venture filed a motion to dismiss the appeal as interlocutory.

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready by Penni L. Pearson for the plaintiff-appellee.*

*William Y. Wilkins, for the defendant-appellant.*

EAGLES, Judge.

I

We first consider the interlocutory nature of this appeal. As grounds for its motion to dismiss Joint Venture's action for breach of lease, Cathy's asserts that the action is a compulsory counterclaim to Cathy's libel action filed 13 October 1983. In *Atkins v. Nash*, 61 N.C. App. 488, 300 S.E. 2d 880 (1983) we said:

> Our Supreme Court has treated refusal to abate on grounds of a prior pending action as immediately appealable. [Citations omitted.] Subsequent to the adoption of G.S. 1A-1, Rule 13(a), relating to compulsory counterclaims, that Court has treated denial of a motion to dismiss on the ground of a prior action pending as a motion pursuant to that rule, and has allowed immediate review. [Citation omitted.]

*Id.* at 489, 300 S.E. 2d at 881. Accordingly, we consider this appeal on its merits.

II

The sole issue on appeal is whether the trial court erred in refusing to grant Cathy's motion to dismiss Joint Venture's action for breach of lease filed 3 November 1983, as a compulsory counterclaim to the libel action filed by Cathy's on 13 October 1983. We find no error.

G.S. 1A-1, Rule 13(a) states, in pertinent part

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

The basis of Cathy's argument is that the action for breach of lease "arises out of the transaction or occurrence that is the subject matter" of Cathy's libel action, which was filed before the action for breach of lease, and is properly a compulsory counterclaim. We do not agree.

In order to find that an action must be filed as a compulsory counterclaim pursuant to G.S. 1A-1, Rule 13(a), a court must first find a logical relationship between the factual backgrounds of the two claims. In addition, the court must find a logical relationship between the nature of the actions. Rule 13(a) is a tool designed to further judicial economy. The tool should not be used to combine actions that, despite their origin in a common factual background, have no logical relationship to each other. *Apartments, Inc. v. Landrum*, 45 N.C. App. 490, 494, 263 S.E. 2d 323, 325 (1980).

Here, the only relationship existing between the fact, claims and nature of the action is the landlord-tenant relationship. Here, we find no logical nexus between the action for libel and the action for breach of lease which would require that the action for breach of lease be filed as a compulsory counterclaim pursuant to G.S. 1A-1, Rule 13(a).

Defendant's assignment of error is overruled and the order of the trial court denying the motion to dismiss as a compulsory counterclaim is affirmed.

Judges WEBB and COZORT concur.