HAILEY v. ALLGOOD CONSTRUCTION CO.

[95 N.C. App. 630 (1989)]

---

AGGIE L. HAILEY v. ALLGOOD CONSTRUCTION COMPANY, INC. AND DAVID J. MARCONE

No. 8920DC14

(Filed 19 September 1989)

**Rules of Civil Procedure § 13— conversion action not compulsory counterclaim to contract action**

Plaintiff's claim for conversion of screens, storm doors, frames and other materials was not a compulsory counterclaim to a prior action brought by defendant in another county to recover on a contract to install vinyl siding on plaintiff's home.

APPEAL by plaintiff and defendants from *Honeycutt, Judge.* Order entered 9 August 1988 in District Court, ANSON County. Heard in the Court of Appeals 25 August 1989.

## HAILEY v. ALLGOOD CONSTRUCTION CO.

[95 N.C. App. 630 (1989)]

This is a civil action in which plaintiff alleges that on or about 25 April 1987 defendant Allgood's agents and defendant Marcone, or his agents, "took and carried away and stole property owned by the plaintiff, namely screens, stormdoors, frames and other materials owned by the plaintiff." Plaintiff seeks compensatory and punitive damages. Defendants answered and denied all material allegations in plaintiff's complaint. Defendants also asserted that plaintiff's claim was a compulsory counterclaim that was required to have been filed in a prior action between the parties. Defendants moved for dismissal under Rules 12(b)(6), 13(a), and 11(a) of the North Carolina Rules of Civil Procedure. Defendants also requested attorney's fees under Rule 11 and G.S. 6-21.5.

The prior action between the parties was commenced on 18 September 1987 when Allgood filed suit in District Court, Guilford County, against Hailey. There Allgood alleged that Hailey entered into a contract with Allgood for the installation of vinyl siding on Hailey's home and that Hailey owed $840 on the contract which she refused to pay. The contract was alleged to have been entered into on or about 27 March 1987 and completed on or before 24 April 1987. On 4 January 1988 default judgment was entered against Hailey in Guilford County.

In this action the trial court granted defendants' Rule 13(a) motion to dismiss but denied defendants' motion for attorney's fees. Plaintiff appeals the dismissal of her action. Defendants cross-appeal the trial court's denial of attorney's fees.

*Henry T. Drake for plaintiff-appellant, cross-appellee.*

*Henson, Henson, Bayliss and Teague, by Perry C. Henson, Jr. and Kenneth B. Rotenstreich, for defendant-appellees, cross-appellants.*

EAGLES, Judge.

Initially we address defendants' motion to dismiss for failure to timely file the record on appeal. Rule 12(a) of the North Carolina Rules of Appellate Procedure provides that the appellant shall file the record on appeal within 15 days after the record is settled. Additionally, Rule 25 states that on motion of any party an appeal may be dismissed for failure to act within the time allowed by the Rules. Although the plaintiff failed to timely file in this court the record on appeal, in our discretion we suspend the requirements

of Rule 12(a) and deem the record timely filed. See Rule 2, N.C. Rules App. Proc.

The crux of plaintiff's appeal is whether the trial court erred in granting defendants' motion to dismiss plaintiff's action for conversion as a compulsory counterclaim to the contract action filed by defendant Allgood in Guilford County. We hold that the trial court erred in finding plaintiff's claim was a compulsory counterclaim to the prior action. Therefore, we reverse the dismissal of plaintiff's claim.

G.S. 1A-1, Rule 13(a) provides in pertinent part that:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

The issue here is whether plaintiff's claim for conversion arose from the same transaction or occurrence as defendant Allgood's previous contract claim.

In determining whether certain claims arose out of the same transaction or occurrence as a prior action for purposes of treating them as compulsory counterclaims, several factors are considered: (1) whether the issues of fact and law are largely the same; (2) whether substantially the same evidence is involved in each action; and (3) whether there is a logical relationship between the two actions. There must be not only a common factual background but also a logical relationship in the nature of the actions and the remedies sought.

*Brooks v. Rogers*, 82 N.C. App. 502, 507-08, 346 S.E.2d 677, 681 (1986) (citations omitted).

Plaintiff excepted to the following finding made by the trial court:

The Court found as fact that the plaintiff's complaint in this lawsuit had a logical relationship in law and fact as was presented in the prior action in Guilford County and this action commenced by the plaintiff was a compulsory counterclaim arising out of the same transaction or occurrence and same subject matter as the prior lawsuit filed in Guilford County.

**HAILEY v. ALLGOOD CONSTRUCTION CO.**

[95 N.C. App. 630 (1989)]

Based upon the record here, we conclude that the evidence does not support the finding of fact and that the trial court erred in making this finding.

The issues of fact and law are different in plaintiff's conversion proceeding from the issues involved in Allgood's action on the contract. Plaintiff's claim requires her to prove her ownership of the personal property involved and wrongful possession or conversion of the property by defendants. *See Gadson v. Toney,* 69 N.C. App. 244, 246, 316 S.E.2d 320, 321-22 (1984). The issues in defendant Allgood's action on the contract were whether a contract had been formed, what were the terms of the contract, was the contract completed, and what amount was due. These do not overlap in the least. Additionally, each action does not involve presentation of substantially the same evidence. Plaintiff asserts the conversion occurred on 25 April 1987. Defendant Allgood asserted the contract was completed on or before 24 April 1987. Although there may be a common factual background between the two actions, this is not enough to require that plaintiff's conversion action be designated a compulsory counterclaim in defendant Allgood's Guilford County action. As this court has stated, "Rule 13(a) is a tool designed to further judicial economy. The tool should not be used to combine actions that, despite their origin in a common factual background, have no logical relationship to each other." *Twin City Apartments, Inc. v. Landrum,* 45 N.C. App. 490, 494, 263 S.E.2d 323, 325 (1980).

In light of our determination of plaintiff's appeal, we affirm the trial court's denial of defendants' motion for attorney's fees. Defendants' assignments of error are therefore overruled.

For the reasons stated, the trial court's dismissal of plaintiff's claim is reversed and denial of defendants' motion for attorney's fees is affirmed.

Affirmed in part; reversed in part and remanded.

Judges JOHNSON and GREENE concur.