PAULA MAY TOWNSEND, Plaintiff v. MARK WILLIAM SHOOK, individually and in his official capacity as Sheriff of Watauga County; and WESTERN SURETY COMPANY; Defendants

No. COA10-383

Filed 15 March 2011)

**1. Appeal and Error— interlocutory orders and appeals—prior action pending—compulsory counterclaim—immediately appealable**

Defendants' appeal from the trial court's interlocutory order denying their motion to dismiss in a wrongful termination case was considered by the Court of Appeals. The refusal to abate an action on grounds of a prior action pending and the denial of a motion to dismiss pursuant to Rule 13(a) relating to compulsory counterclaims were immediately appealable.

**2. Employer and Employee— wrongful termination—prior action pending doctrine—not applicable**

The trial court did not err in a wrongful termination case by denying defendants' motions to dismiss. The prior action pending doctrine was not applicable to this case because the parties, legal issues, and subject matter were not substantially similar to those raised in defendant's pending prior lawsuit.

**3. Employer and Employee— wrongful termination—no compulsory counterclaim**

The trial court did not err in a wrongful termination case by denying defendants' motions to dismiss. Plaintiff's wrongful termination claim under N.C.G.S. § 143-422.2 was not a compulsory counterclaim to defendant Shook's pending lawsuit.

## TOWNSEND v. SHOOK

[210 N.C. App. 462 (2011)]

Appeal by defendants from order entered 28 January 2010 by Judge Richard L. Doughton in Watauga County Superior Court. Heard in the Court of Appeals 26 October 2010.

*Gray Newell, LLP, by Angela Newell Gray, for plaintiff-appellee.*

*Forman Rossabi Black, P.A., by Emily J. Meister and Gavin J. Reardon for defendant-appellant Mark Shook, in his individual capacity; and Womble Carlyle Sandridge & Rice, by James R. Morgan, Jr. and Bradley O. Wood, for defendant-appellants Mark Shook, in his official capacity as Sheriff of Watauga County, and Western Surety Company.*

STEELMAN, Judge.

The prior action pending doctrine is not applicable where the parties, legal issues, and subject matter in this case are not substantially similar to those raised in Shook's lawsuit filed in 2007. Plaintiff was not required to file her wrongful termination claim as a compulsory counterclaim to Shook's action under Rule 13 of the Rules of Civil Procedure.

## I. Factual and Procedural Background

On 12 December 2006, Paula Townsend (plaintiff) filed an action in the United States District Court for the Western District of North Carolina against Mark Shook (Shook), individually and in his official capacity as Sheriff of Watauga County; Watauga County; and Western Surety Company, the provider of Shook's surety bond pursuant to N.C. Gen. Stat. § 162-8 (collectively, defendants). Plaintiff asserted claims for wrongful termination under Title VII; violations of 42 U.S.C. § 1983 and N.C. Gen. Stat. § 143-422.2; intentional and negligent infliction of emotional distress; and negligent supervision and retention of Shook by Watauga County. Plaintiff contended that she was subjected to disparate treatment due to her gender and that she was terminated from her position as Chief Deputy Sheriff for Watauga County based upon her refusal to submit to Shook's sexual advances. Defendants filed an answer denying the material allegations of plaintiff's complaint. Shook, in his individual capacity, filed a counterclaim for defamation based upon alleged statements plaintiff made to others that he "forced himself on her[.]" All parties filed cross-motions for summary judgment.

On 18 October 2007, the United States District Court granted summary judgment in favor of defendants on all of plaintiff's claims with the exception of her claim for intentional infliction of emotional distress. The court dismissed this claim and Shook's counterclaim for defamation without prejudice to re-file in state court. Plaintiff appealed that order to the United States Fourth Circuit Court of Appeals.

While plaintiff's appeal was pending, Shook re-filed his claim for defamation in the Superior Court of Catawba County (07 CVS 4087) on 5 December 2007. The parties filed a joint motion to place Shook's action on inactive status while plaintiff's appeal was pending, and a consent order was entered placing the action on inactive status. On 24 April 2009, the Fourth Circuit issued an unpublished opinion, which vacated the entry of summary judgment in favor of defendants with respect to plaintiff's wrongful termination claim pursuant to N.C. Gen. Stat. § 143-422.2, remanded the case to the District Court for further proceedings, and affirmed the remaining portions of the District Court's order. On 24 June 2009, the United States District Court entered an order that declined to exercise supplemental jurisdiction over plaintiff's wrongful termination claim and dismissed it without prejudice to re-file in an appropriate state court.

On 14 July 2009, plaintiff re-filed her wrongful termination claim pursuant to N.C. Gen. Stat. § 143-422.2 in Watauga County against Shook, both in his individual and official capacity, and against Western Surety Company.[1] On 20 September and 13 October 2009, defendants filed motions to dismiss based on several grounds, including that her claim was barred by the prior action pending in Catawba County; that her claim was a compulsory counterclaim in Shook's defamation lawsuit; that Shook, individually, was not the employer of plaintiff; and that plaintiff failed to assert a cause of action against Western Surety as required by N.C. Gen. Stat. § 58-76-5. The trial court denied all of defendants' motions to dismiss.

Defendants appeal.

## II. Interlocutory Nature of Appeal

[1] At the outset, we note that this appeal is interlocutory. *See Reid v. Cole*, 187 N.C. App. 261, 263, 652 S.E.2d 718, 719 (2007) ("Typically,

---

1. It does not appear from the record that plaintiff re-filed her intentional infliction of emotional distress claim against defendants.

the denial of a motion to dismiss is not immediately appealable to this Court because it is interlocutory in nature." (citation omitted)). However, this Court has held that the refusal to abate an action on grounds of a prior action pending is immediately appealable. *Gillikin v. Pierce*, 98 N.C. App. 484, 486, 391 S.E.2d 198, 199, *disc. review denied*, 327 N.C. 427, 395 S.E.2d 677 (1990); *Atkins v. Nash*, 61 N.C. App. 488, 489, 300 S.E.2d 880, 881 (1983). The denial of a motion to dismiss pursuant to Rule 13(a) relating to compulsory counterclaims is also immediately appealable. *Hendrix v. Advanced Metal Corp.*, 195 N.C. App. 436, 438, 672 S.E.2d 745, 747 (2009).

We only address the issues that are properly before us.

## III. Prior Action Pending Doctrine

[2] In their first argument, defendants contend that the trial court erred by denying defendants' motions to dismiss on the basis that there was a prior action pending between the parties. We disagree.

"Under the law of this state, where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action." *Eways v. Governor's Island*, 326 N.C. 552, 558, 391 S.E.2d 182, 185 (1990) (citations omitted). In order to determine "whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Cameron v. Cameron*, 235 N.C. 82, 85, 68 S.E.2d 796, 798 (1952) (citations omitted).

In the instant case, the parties, legal issues, and subject matter in this case are not substantially similar to those raised in Shook's prior lawsuit filed in Catawba County. In Shook's lawsuit, the parties are Shook and plaintiff, in their individual capacities as private citizens. Shook alleged plaintiff defamed him by stating to Ms. Frieda Regan that Shook "forced himself on her[.]" Shook alternatively pled claims for slander *per se* and slander *per quod*. The issue presented in the lawsuit is whether Shook can produce sufficient evidence to establish slander. In order to prove a claim for slander *per se*, Shook will have to produce evidence that the statement was false, communicated to another person, and involved an accusation of crimes or offenses involving moral turpitude. *See Donovan v. Fiumara*, 114 N.C. App. 524, 527-28, 442 S.E.2d 572, 574-75 (1994). In order to prove a claim for slander *per quod*, Shook will have to produce

evidence that the statement was false, communicated to another person and made with malice, and that he suffered actual pecuniary loss as a result of the statement. *Id.* at 527, 442 S.E.2d at 574-75. Shook seeks to recover monetary damages in the form of compensatory, special, and punitive damages.

In plaintiff's lawsuit in Watauga County, the parties are plaintiff; Shook, individually and in his official capacity as Sheriff of Watauga County; and Western Surety Company. This action arises out of an employer-employee relationship. The issue presented is whether plaintiff was terminated from her employment in the Watauga County Sheriff's Office in violation of N.C. Gen. Stat. § 143-422.2. Evidence regarding her job performance and reasons for termination will be at issue. Plaintiff seeks monetary damages in the form of compensatory and punitive damages. Contrary to defendants' contentions, the dispositive issue in this lawsuit is not whether Shook "forced himself" on plaintiff, but, rather, whether plaintiff was discriminated against and wrongfully terminated from her employment.

Because the parties, legal issues, and subject matter in this case are not substantially similar to those raised in Shook's prior lawsuit filed in Catawba County, the prior action pending doctrine is not applicable to the instant case.

This argument is without merit.

### IV. Compulsory Counterclaim

[3] In their second argument, defendants contend that the trial court erred by denying their motions to dismiss on the basis that plaintiff's wrongful termination claim under N.C. Gen. Stat. § 143-422.2 is a compulsory counterclaim to Shook's lawsuit in Catawba County. We disagree.

Rule 13(a) of the Rules of Civil Procedure provides, in part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .

N.C. Gen. Stat. § 1A-1, Rule 13(a) (2009). Our Supreme Court has stated that in order to determine whether two or more claims arose out of the same transaction or occurrence for purposes of Rule 13(a),

the court must examine the following factors: "(1) whether the issues of fact and law raised by the claim and counterclaim are largely the same; (2) whether substantially the same evidence bears on both claims; and (3) whether any logical relationship exists between the two claims." *Jonesboro United Methodist Church v. Mullins-Sherman Architects, L.L.P.*, 359 N.C. 593, 599-600, 614 S.E.2d 268, 272 (2005) (quotation and alterations omitted). "There is no simple test for determining whether a counterclaim is compulsory. Each proposed counterclaim must be examined individually regarding its relationship to the original claim." 1 G. Gray Wilson, *North Carolina Civil Procedure*, § 13-3, at 13-8 (3rd ed. 2007).

Both parties reiterate their arguments presented in the appellant's first issue on appeal. Shook specifically argues that there is a clear and logical relationship between the actions and contends that "[a] determination that [he] did not sexually harass Townsend would present an insurmountable bar to her [N.C. Gen. Stat. § 143-422.2] claim and would almost completely determine and resolve in Shook's favor his defamation claim against Townsend asserted in the Prior Pending Action." Shook's argument is misplaced.

Shook's lawsuit for defamation is solely based on his allegation that plaintiff stated to Ms. Frieda Regan that Shook had "forced himself on her[.]" As articulated above, Shook would have to prove that this statement was false, was made with malice, and damaged his reputation. Even if a jury found that Shook did not "force" himself on plaintiff, that inquiry would not be determinative of plaintiff's wrongful termination action.

Plaintiff made numerous allegations of misconduct by Shook as the basis of her wrongful termination claim, including that Shook wrote a letter expressing his love for her; Shook began to assign plaintiff to work on assignments specifically with him; Shook expressed his desire to engage in a personal, intimate relationship with plaintiff at various times from 2002 until 2005; after continually rejecting these advances, Shook negatively altered her work conditions; Shook excluded plaintiff from important staff meetings; Shook made derogatory statements about her to other male sheriff deputies; decreased her responsibilities and authority; and ultimately terminated her employment. In order to prevail on this claim, plaintiff would have to present evidence of these acts.

Contrary to defendants' assertion, the wrongful termination lawsuit and the defamation lawsuit do not involve substantially the same

issues of fact and law nor substantially the same evidence. *See, e.g., Winston-Salem Joint Venture v. Cathy's Boutique*, 72 N.C. App. 673, 675, 325 S.E.2d 286, 287 (1985) (holding that a claim for breach of a lease is not a compulsory claim in a lawsuit for libel where the only relationship existing between the fact, claims, and nature of the action was the landlord-tenant relationship).

Although these two actions have certain common factual issues, this is not sufficient to require that plaintiff's wrongful termination action be designated a compulsory counterclaim in Shook's defamation action. *Hailey v. Allgood Construction Co.*, 95 N.C. App. 630, 633, 383 S.E.2d 220, 222 (1989); *see also Murillo v. Daly*, 169 N.C. App. 223, 227, 609 S.E.2d 478, 481 (2005) (holding that a common origin alone is insufficient to characterize a claim as a compulsory counterclaim).

This argument is without merit.

Defendants also filed a petition for writ of *certiorari* requesting that this Court determine an additional issue on appeal. Defendant concedes that no immediate right of appeal exists as to this issue, and, thus, we do not address it because of its interlocutory nature.

AFFIRMED.

Judges BRYANT and ERVIN concur.