Wyatt v. Wyatt

BOBBY WYATT v. GERALDINE WYATT

No. 8323SC658

(Filed 7 August 1984)

1. Courts § 3— proceeding not considered by clerk—jurisdiction of superior court

Superior Court judges 'had jurisdiction of this special proceeding to partition and sell real estate which had not been considered or passed on by the Clerk of Superior Court, as provided for by G.S. 1-393 *et seq.*

2. Partition § 1.2— possession of property given to wife—no right of husband to partition

In ordering the sale of real property and division of proceeds therefrom between the parties, the Superior Court failed to accord the prior judgment of the District Court the effect that its terms and the law required, since the prior judgment provided that appellant was given possession of the house and its contents and that "she foregoes any other remedy save and except at the time of the divorce if, in fact, the parties are divorced, the title to the real estate," and appellee therefore had no right to have the property sold.

Judge HEDRICK concurring in the result only.

APPEAL by respondent from *Collier, Judge.* Order entered 2 April 1983 in Superior Court, WILKES County. Heard in the Court of Appeals 10 April 1984.

When the parties married in 1973, appellant was the sole owner of the house where she and her child by a previous marriage lived. After the marriage appellee moved in with them and some time later deeds were executed which put record title to the real property in the names of both parties. In December, 1978 the parties separated and in January, 1979 appellant sued appellee in Wilkes County District Court for alimony, for possession of the real estate, and to nullify his apparent title interest in the property. In his answer, appellee denied appellant was entitled to any relief at all, alleged that because of a disability he was dependent upon her, and asked that he be awarded alimony and possession of the house. On 13 February 1979, the following consent judgment, executed by the court, the parties, and their lawyers, was filed in that action:

IT APPEARING to the Court that the parties hereto have agreed to settle and compromise this action and that no hearing will be necessary at this time in this cause; and it appear-

ing to the court that the settlement of the controversy is as set forth in the paragraph hereinafter set out.

IT IS NOW, THEREFORE, CONSIDERED AND ORDERED that the plaintiff, Geraldine Wyatt, be and she is hereby given a writ of possession to the dwelling house described in the pleadings along with its contents and that she foregoes any other remedy save and except at the time of the divorce if, in fact, the parties are divorced, the title to the real estate.

Each party shall bear his or her own cost at this time.

On 24 July 1980, in another Wilkes County District Court action, the parties were divorced. And in August, 1980, this special proceeding to partition and sell real property and a boat, allegedly owned by the parties as tenants in common, was filed in the Wilkes County Superior Court. The real property involved in this proceeding is the house and lot referred to in the prior action and appellant immediately filed a motion to dismiss the proceeding on the ground that the prior action between the parties was still pending and that the ownership of the real estate involved was being contested therein. On 27 May 1981, this motion was heard and denied by Superior Court Judge James M. Long, who also allowed appellant twenty days within which to answer the petition for partition; but no answer has been filed. In April, 1983, Judge Collier granted appellee's motions for judgment on the pleadings and for summary judgment and ordered that both the real property and the boat be sold and the net sale proceeds divided equally between the parties. The appeal before us now is from that order. The petition caption reads in the "District Court Division," rather than in the "Superior Court Division Before the Clerk," but the proceeding has not been considered or processed in any way by the District Court Division, nor has it been considered or passed on by the Clerk of Superior Court.

*Franklin Smith for petitioner appellee.*

*Hall & Brooks, by John E. Hall and William F. Brooks, for respondent appellant.*

PHILLIPS, Judge.

[1] The first question that the record gives rise to is whether the Superior Court judges who denied appellant's motion to dis-

miss and granted appellee's motions for summary judgment and judgment on the pleadings had jurisdiction of this special proceeding to partition and sell real estate which has not been considered or passed on by the Clerk of Superior Court, as G.S. 1-393, *et seq.* provides. We hold that they did. Under G.S. 7A-40, the Clerk of Superior Court in the exercise of "judicial powers conferred upon him by law in respect of special proceedings and the administration of guardianships and trusts, is a judicial officer of the Superior Court Division, and not a separate court." And G.S. 7A-257 provides that when an action is docketed in an improper division of our unified court system that: "Failure of a party to move for transfer within the time prescribed is a waiver of any objection to the division, except that there shall be no waiver of the jurisdiction of the superior court division in probate of wills and administration of decedents' estates." And G.S. 7A-258 provides that any party can move to transfer an improperly docketed "civil action or special proceeding" to the proper division. These provisions indicate that the failure of the Clerk to pass on special proceedings is no longer jurisdictional, as it apparently was before Chapter 7A of the General Statutes, enacted in 1965, became effective. *Parslow v. Parslow*, 47 N.C. App. 84, 266 S.E. 2d 746 (1980). In this instance, though miscaptioned, the proceeding has been within the jurisdiction of the Superior Court Division from the outset; and the Clerk's failure to consider the proceeding, though irregular, has had no effect whatever on the case or the parties either, since the questions raised had to be decided by a judge in any event.

[2] In contending that the order to sell the real estate was entered contrary to law, appellant argues that the order stripped "the District Court of its properly exercised jurisdiction" in the prior case. While we do not view the matter in precisely that drastic light, we are of the opinion that in this proceeding the Superior Court failed to accord the prior judgment of the District Court the effect that its terms and the law required. Though, as a consent judgment in a marital case, it may be subject to revision by the court that entered it, until so revised it stands as both an adjudication and a contract that the law is bound to enforce. *Stancil v. Stancil*, 255 N.C. 507, 121 S.E. 2d 882 (1961). By its terms, though unusually brief for a legal document contributed to by two lawyers, a contested lawsuit over marital rights and property was

settled and three things were agreed to and ordered, two of which control or affect the rights of the parties in this proceeding. *First*, it was agreed and ordered for appellant to have possession of the house and its contents. Since the provision does not limit her possession, either by time or otherwise, and can only be changed by the court that rendered the judgment or by agreement of the parties, it necessarily means that: (1) Appellant's right to possess the real estate will continue until such time, if any, as the court orders or the parties agree otherwise; and (2) until her right to possess the real estate is lost or terminated by one means or another, no other court can order the real property to be sold at appellee's request, since to do so would impermissibly abrogate the right appellant has under the previously entered judgment to continue in possession of it. *Second*, it was agreed and ordered that every legal remedy that appellant then had against appellee, except the one seeking to establish her ownership of the real estate, was being surrendered. The words "foregoes any other remedy," save the one exception stated, are too specific and extensive to be interpreted otherwise. *Third*, it was agreed and ordered that as to appellant's possible remedy to establish her sole ownership of the real estate, that it would be exercised "at the time of the divorce," if there was one. Before the judgment was entered, appellant had the unqualified right to exercise that legal remedy or leave it in indefinite abeyance as she saw fit; but under this provision of the judgment, that right was surrendered. The right was surrendered, apparently, because this was the only major unresolved issue between the parties and they deemed it in their best interest to require its resolution at some definite time. Nevertheless, we do not believe that the provision required appellant to exercise her remedy in regard to ownership of the real estate the very day that the divorce was obtained; but it did require her to do so, if at all, we think, within a reasonable time thereafter. Since the divorce was obtained more than three years ago, and no steps have yet been taken by appellant to exercise or pursue her remedy as to the claimed ownership of the property, that remedy is also foregone under the plain terms of the agreement and judgment and cannot be asserted or pursued hereafter.

Though the terms of the judgment and agreement are rather unusual and their disadvantageous effect on each of the parties

Wyatt v. Wyatt

may not have been fully appreciated at the time, they are the terms that the parties agreed to and the court ordered, and as such they must be enforced. The effect of these judgment and contract terms on this proceeding is both plain and profound. Since appellee has no right to have the property sold, the order to sell it cannot stand and must be reversed; and that part of appellee's petition must be dismissed, though without prejudice to his right to refile it upon appellant's right to possess said property being lost, either by a modification of the consent judgment, agreement of the parties, or otherwise.

But the consent judgment has no effect on appellee's right to have the motorboat described in the petition sold, and the court's order directing that the boat be sold is herewith affirmed.

Reversed in part; affirmed in part.

Judge ARNOLD concurs.

Judge HEDRICK concurs in result only.

Judge HEDRICK concurring in the result only.

Since the majority reverses the judgment and orders a dismissal of that part of the petition regarding the real estate, it is inappropriate for this Court to undertake to chart the course for the lawyers and their clients as to the resolution of any problems resulting from any prior legal proceedings. In my opinion the majority has gone too far in its efforts to interpret and explain the ambiguities in the consent judgment entered on 13 February 1979, and its statements ought not to be binding in any future proceedings between the parties. Moreover, I believe the majority has given too little attention to the procedural quagmire in which this case and the appeal wallows. Nevertheless, I concur in the result because it affords the parties an opportunity to litigate, if they desire, the critical questions arising out of any ambiguities present in the consent judgment.