EDGAR BARNES KEITH, JR., CO-TRUSTEE OF THE LYNN REGNERY TRUST "B", PETITIONER v. GRETCHEN WALLERICH, CO-TRUSTEE OF THE LYNN REGNERY TRUST "B"; LYNN REGNERY, BENEFICIARY; SETH ANDERSON; AND JOHN WILLIAM REGNERY, RESPONDENTS

No. COA08-1444

(Filed 22 December 2009)

## 1. Jurisdiction— subject matter—trust pursuit claim

The superior court had subject matter jurisdiction to hear a trust pursuit claim where the clerk of superior court had original jurisdiction over the claim and had statutory authority to transfer the claim to the superior court. The clerk of superior court had

original jurisdiction over the claim as it concerned the internal affairs of a trust.

## 2. Jurisdiction— concurrent—superior and district court— prior valid order binding

The superior court erred in a trust pursuit claim by ordering the transfer of assets from a limited liability corporation to a trust where there was a prior valid order entered in an equitable distribution proceeding in the district court which prohibited such transfers.

## 3. Parties— subject of order not a party

The trial court erred in a trust pursuit claim by ordering the transfer of assets from a limited liability corporation (LLC) to a trust where the LLC was not a party to the proceedings. This constituted a separate basis for vacating the judgment of the superior court.

Appeal by petitioner from judgment filed 20 June 2008 by Judge John E. Nobles, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 20 April 2009.

*Culbreth Law Firm, LLP, by Stephen E. Culbreth, for petitioner-appellant.*

*Marshall, Williams & Gorham, LLP, by Lonnie B. Williams, for respondents-appellees.*

STEELMAN, Judge.

The superior court was required to give full effect to the prior valid and binding order of the district court. The superior court could not order the transfer of real property when the record owner was not a party to the proceeding.

## I. Factual and Procedural Background

Pursuant to a will dated 11 August 1955, Frederick L. Regnery provided for the creation of a trust upon his death. On 2 February 1966, the will and trust provisions were modified by a codicil. Upon his death in 1980, a trust was created, which was later divided into three separate trusts. This appeal concerns only one of the three trusts: The Lynn Regnery Trust "B" (Trust B). Lynn Regnery (Regnery) is the sole lifetime beneficiary of Trust B, and after her death, John William Regnery (John) and his siblings are the residual beneficiaries.

On 3 June 1994, Regnery married Edgar Barnes Keith, Jr. (Keith). On 27 September 1996, Keith was appointed co-trustee of Trust B, with Gretchen Wallerich (Wallerich) acting as co-trustee. During their marriage, Regnery-Keith, LLC (LLC) was formed. Regnery asserts that she was the sole Member-Manager of the LLC, and Keith asserts that both he and Regnery were Member-Managers. The LLC purchased five rental properties with funds loaned from Trust B. In July 2007, one of the properties was sold, and the money received from the sale was paid to the trust.

On 31 December 2007, Regnery and Keith separated, and on 6 January 2008, Regnery sent Keith an email, requesting: "Please resign as trustee from Trust B. [Wallerich] is going to send you a letter to sign." On 9 January 2008, John sent Seth S. Andersen (Andersen) an email asking Andersen to become co-trustee on Trust B, replacing Keith. On 10 January 2008, a document was sent to Keith requesting that he immediately resign as co-trustee.

On 25 January 2008, Regnery filed a document changing the name of the LLC to Regnery, LLC with Regnery listed as the sole agent. Regnery executed a quitclaim deed transferring the rental houses owned by Regnery-Keith, LLC to Regnery, LLC. On 29 January 2008, Regnery filed a complaint in New Hanover County District Court for divorce from bed and board and sequestration of the marital residence (the domestic action). On 8 February 2008, Regnery filed an amended complaint in the district court adding a claim for equitable distribution of marital property. Regnery, as Trustee of another trust, and Regnery, LLC were joined as third-party defendants in the domestic action.

On 3 March 2008, the district court entered a Preliminary Injunction and Order Sequestering Real Property, by and with the consent of the parties. The order identified the four remaining rental properties owned by the LLC, "the marital or separate nature of which are in dispute: (a) 7255 Copperfield Drive, currently not rented; (b) 7263 Copperfield Drive, currently rented per month; (c) 601 Brookbend Drive, currently rented per month; and (d) 622 Brookbend Drive, currently occupied by [Keith]." The order sequestered the marital home for the benefit of Regnery and the rental property occupied by Keith for his benefit, all pending further orders of the court. It ordered: "The Plaintiff, Defendant and the Third Party Defendants are hereby restrained and enjoined from disposing of, wasting, spending or otherwise putting any of the property

set forth above out of the reach of the court pending final hearings in this matter."

On 3 March 2008, prior to the filing of the Preliminary Injunction, Keith filed a document in New Hanover County Superior Court styled as "Petition as to Trust Pursuant to Article 2 of Chapter 36C of the North Carolina General Statutes" asserting the following claims: (1) that he be allowed to resign as trustee of Trust B; (2) that the appointment of Andersen be declared invalid and a new trustee appointed; (3) that transfers from the trust by John be declared invalid; (4) that the court assume control of the trust assets and require an accounting from Wallerich; (5) that Keith be compensated for his services as trustee; and (6) for costs and attorney's fees. On 28 April 2008, Regnery, Wallerich, Andersen and John (collectively respondents) filed a Response and Cross-Petition in superior court asserting claims against Keith for: (1) removal as trustee for breach of fiduciary duty; (2) removal as trustee for conflict of interest; (3) an accounting and transfer of assets to the remaining trustee; and (4) trust pursuit.

In their trust pursuit claim, respondents contended that Keith, as trustee, wrongfully loaned trust funds to the LLC and that the assets of the LLC (consisting of four rental houses) are in fact assets of Trust B and not property of the LLC.

On 12 May 2008, respondents filed a Motion for Partial Summary Judgment for the removal of Keith as co-trustee and requesting an order directing Keith to restore $50,000 removed from Trust B. On 23 May 2008, Keith filed motions to dismiss the claims set forth in the Cross-Petition. As to the third and fourth claims in the Cross-Petition, he asserted that jurisdiction over these claims lay with the district court in the domestic action, and that the clerk had no jurisdiction to hear these claims.

On 30 May 2008, the clerk of superior court entered an order accepting Keith's resignation as co-trustee, appointing a special fiduciary, directing that monies of Trust B at Cape Fear Bank be transferred to the clerk of superior court, and transferring the remaining claims, motions and issues to the superior court for resolution.

On 9 June 2008, this matter came on for hearing in superior court. On 10 June 2008, Keith withdrew his motion to remove Wallerich as co-trustee; his motion for an accounting by John; his motion to dismiss for failure to join other beneficiaries; the portion of his claim seeking to declare Andersen's appointment as co-trustee invalid; and the claim seeking compensation for his services to the trust.

On 20 June 2008, the trial court entered a judgment holding that it had jurisdiction over respondents' claim for trust pursuit; that the assets of the LLC were assets of Trust B under the theory of trust pursuit; and that the balance of respondents' claims were moot.

Keith appeals.

## II. Subject Matter Jurisdiction

### A. Standard of Review

The standard of review for lack of subject matter jurisdiction is *de novo. Country Club of Johnston Cty., Inc. v. U. S. Fidelity & Guar. Co.*, 150 N.C. App. 231, 238, 563 S.E.2d 269, 274 (2002) (citing *Fuller v. Easley*, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001)). In determining whether subject matter jurisdiction exists, a court may consider matters outside of the pleadings. *Tart v. Walker*, 38 N.C. App. 500, 502, 248 S.E.2d 736, 737 (1978).

### B. Trust Pursuit Claim

[1] In his first argument, Keith contends that the trial court lacked subject matter jurisdiction to hear a trust pursuit claim when the trial court's jurisdiction was derived from the clerk of superior court under Chapter 36C, Article 2 of the North Carolina General Statutes. We disagree.

N.C. Gen. Stat. § 36C-2-203 provides:

(a) The clerks of superior court of this State have original jurisdiction over all proceedings concerning the internal affairs of trusts. Except as provided in subdivision (9) of this subsection, the clerk of superior court's jurisdiction is exclusive. Proceedings concerning the internal affairs of the trust are those concerning the administration and distribution of trusts, the declaration of rights, and the determination of other matters involving trustees and trust beneficiaries, to the extent that those matters are not otherwise provided for in the governing instrument.

N.C. Gen. Stat. § 36C-2-203(a) (2007)[1]. The clerk's original jurisdiction is limited to the internal affairs of the trust. The statute then lists nine proceedings, which deal with the internal affairs of a trust:

To ascertain beneficiaries, to determine any question arising in the administration or distribution of any trust, including ques-

---

1. The 2009 Session Laws modified section (a)(9) of this statute; effective 1 October 2009, and are not applicable to this case. *See* 2009 N.C. Sess. Laws ch. 267, sec. 1 (2009).

tions of construction of trust instruments, and to determine the existence or nonexistence of trusts created other than by will and the existence or nonexistence of any immunity, power, privilege, duty, or right. Any party may file a notice of transfer of a proceeding pursuant to this subdivision to the superior court division of the General Court of Justice as provided in G.S. 36C-2-205(g1). In the absence of a transfer to Superior Court, Article 26 of Chapter 1 of the General Statutes shall apply to a trust proceeding pending before the clerk of superior court to the extent consistent with this Article.

N.C. Gen. Stat. § 36C-2-203(a)(9) (2007).[2] Keith contends that this does not include the declaratory relief sought by respondents in their trust pursuit claim.

An examination of Chapter 36C does not reveal any relevant definition of "administration." In interpreting the words of a statute, we rely on their plain meaning "absent a definition or contextual cue to the contrary." *Wells v. Consolidated Jud'l Ret. Sys. of N. C.*, 136 N.C. App. 671, 675, 526 S.E.2d 486, 490 (2000) (citing *Abernethy v. Commissioners*, 169 N.C. 631, 86 S.E. 577 (1915)), *aff'd*, 354 N.C. 313, 553 S.E.2d 877 (2001). In applying this principle, we observe that "administration" is understood to mean "a judicial action in which a court undertakes the management and distribution of property." Black's Law Dictionary 49 (9th ed. 2009).

The doctrine of trust pursuit rests on the equitable principles that:

[W]henever the legal title to property, real or personal, has been obtained through actual fraud, . . . or under any other similar circumstances, which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity imposes a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property either in the hands of the original wrong-doer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved from the trust.

---

2. The 2009 Session Laws modified section (a)(9) of this statute; effective 1 October 2009, and are not applicable to this case. *See* 2009 N.C. Sess. Laws ch. 267, sec. 1 (2009).

*Trust Co. v. Barrett*, 238 N.C. 579, 586, 78 S.E.2d 730, 735 (1953) (internal quotations and citations omitted). The doctrine of trust pursuit allows property impressed with a trust to "be followed through all changes in its state and form, so long as such property or its proceeds or its products are capable of identification." *Id.* at 585, 78 S.E.2d at 735 (citations omitted). This general rule has evolved that, "the act of a trustee in mingling trust funds in a mixed bank account will not destroy their identity so as to prevent their reclamation." *Bank v. Mobile Homes Sales*, 26 N.C. App. 690, 694, 217 S.E.2d 108, 111 (1975) (citations omitted). The doctrine of trust pursuit deals with the management and distribution of trust property. We hold that this doctrine is reasonably related to the administration of the trust because it allows a court to follow the wrongful distribution of trust property in order to reclaim that property from the hands of a wrongdoer. The doctrine of trust pursuit falls within the ambit of N.C. Gen. Stat. § 36C-2-203(a)(9).

Six limitations to the clerk's jurisdiction are set out in N.C. Gen. Stat. § 36C-2-203(f). None of these are applicable in the instant case. *See* N.C. Gen. Stat. § 36C-2-203(f) (2007)[3]. After her order, the clerk forwarded the remaining claims, including the trust pursuit claim, to the superior court for resolution. The clerk of superior court, by statute, has the authority to transfer proceedings to the appropriate court "when an issue of fact, an equitable defense, or a request for equitable relief is raised in a pleading in a special proceeding or in a pleading or written motion in an adoption proceeding." N.C. Gen. Stat. § 1-301.2(b) (2007)[4].

Remedies are divided into "actions" and "special proceedings." N.C. Gen. Stat. § 1-1 (2007). "Actions" are defined as ordinary proceedings "in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment or prevention of a public offense." N.C. Gen. Stat. § 1-2 (2007). "Special proceedings" are defined as "[e]very other remedy." N.C. Gen. Stat. § 1-3 (2007). Any proceedings, prior to the Code of Civil Procedure, that might have been commenced by petition or by motion on notice such as proceedings for dower and partition are special proceedings. *See Tate v. Powe*, 64 N.C. 644 (1870). In the instant case, this proceeding

---

3. The 2009 Session Laws modify section (f) of this statute. These modifications took effect 1 October 2009. *See* 2009 N.C. Sess. Laws ch. 318, sec. 2 (2009).

4. The 2009 Session Laws modify section (e) of this statute. These modifications took effect 1 October 2009. *See* 2009 N.C. Sess. Laws ch. 362, sec. 5 (2009).

was commenced by Keith when he filed a document styled as "Petition as to Trust Pursuant to Article 2 of Chapter 36C of the North Carolina General Statutes" on 3 March 2008. One of his asserted claims was that he be allowed to resign as trustee of Trust B. A proceeding by a trustee for the purpose of resigning his trust is denominated a special proceeding. *Russ v. Woodard*, 232 N.C. 36, 40, 59 S.E.2d 351, 354 (1950).

A claim for trust pursuit is an equitable claim, and because it was raised in a special proceeding, it was proper for the clerk to transfer the claim to superior court. Once the claims were properly before the superior court, the judge could "hear and determine all matters in controversy." N.C. Gen. Stat. § 1-301.2(c) (2007).

This argument is without merit.

### III. District Court Order

[2] In his second argument, Keith contends that the trial court erred by ordering Regnery to transfer the assets of the LLC to Trust B when there was a prior valid and binding order in the district court prohibiting such transfers. We agree.

We first note that both parties have attempted to use the proceedings before the clerk of court and the superior court to improve their position in the equitable distribution proceeding before the district court. This is an improper use of our courts, and has only served to delay the completion of the district court proceedings and to cause needless cost and effort to both parties.

"Except in respect of proceedings in probate and the administration of decedents' estates, the original civil jurisdiction so vested in the trial divisions is vested concurrently" in the superior court division and the district court division. N.C. Gen. Stat. § 7A-240 (2007). However, a superior court is required to give full effect to a previously filed district court order. *See Wyatt v. Wyatt*, 69 N.C. App. 747, 318 S.E.2d 251, *disc. review denied*, 312 N.C. 498, 322 S.E.2d 566 (1984).

The district court consent order specifically listed four properties titled to the LLC and sequestered one of the properties for Keith's use and benefit. The parties were then enjoined from "disposing of, wasting, spending or otherwise putting any of the property set forth above out of the reach of the court pending final hearings in this matter." The order was filed on 3 March 2008. On 28 April 2008, Regnery filed

a cross-petition with the Clerk of Court of New Hanover County asserting her claim for trust pursuit, which specifically sought to have title of the four tracts of real estate transferred from the LLC to Trust B.

This claim, brought initially before the clerk of court and subsequently before the superior court, sought to do what Regnery had specifically agreed not to do; transfer title to the four tracts of real estate during the pendency of the equitable distribution action in district court. The judgment of the superior court, on 20 June 2008, which ordered the transfer of title of the four tracts of real estate, was in direct contravention of the injunction previously entered by the district court. The judgment of the superior court is vacated, and this matter is remanded to the superior court for entry of an order directing that title to the four parcels of real estate be re-conveyed by Trust B to the LLC. We note that the corporate entity of the LLC is the same, whether it is called Regnery-Keith, LLC or Regnery LLC.

## IV.  LLC Not A Party to the Superior Court Action

[3] In his next argument, Keith contends that the trial court improperly ordered Regnery to transfer the assets of the LLC to Trust B when the LLC was never made a party to the proceeding. We agree.

The superior court ordered Regnery to transfer the assets of the LLC to Trust B. The LLC, a limited liability corporation, and not Regnery, was the record owner of the four tracts of real estate. However, the LLC was not a party to the proceedings before the clerk of court or the superior court.

By ordering Regnery to convey the assets of the LLC to Trust B, the trial court totally ignored that the LLC was a legal entity, recognized under Chapter 57C of the General Statutes. The courts are not free, for the sake of convenience, to completely ignore the existence of a legal entity, such as the LLC. *See* N.C. Gen. Stat. § 57C-2-02 (2007). The trial court exceeded its authority when it ordered Regnery to transfer the assets of the LLC to Trust B. This constitutes a separate and independent basis for vacating the judgment of the trial court and ordering the re-conveyance of the four tracts of real estate to the LLC.

The trial court shall hold Regnery's trust pursuit claim in abeyance pending resolution of the equitable distribution matter in district court.

Because we have vacated the judgment of the superior court, it is not necessary that we address appellant's remaining assignments of error.

VACATED and REMANDED.

Chief Judge MARTIN and Judge CALABRIA concur.