IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-894

 Filed: 20 August 2019

Buncombe County, No. 13 CVD 3554

HENRY C. WATKINS, Plaintiff,

 v.

JENNIFER L. BENJAMIN (f/k/a Watkins), Defendant.

 Appeal by Defendant from orders entered 28 December 2017 and 25 January

2018 by Judge Ward D. Scott in Buncombe County District Court. Heard in the Court

of Appeals 23 May 2019.

 Jackson Family Law, by Jill Schnabel Jackson, for Plaintiff-Appellee.

 Jonathan McGirt for Defendant-Appellant.

 COLLINS, Judge.

 Defendant appeals from the trial court’s (1) 28 December 2017 order

establishing child support obligations and settling arrearage issues between the

parties and (2) 25 January 2018 order denying Defendant’s motions pursuant to

North Carolina Rules of Civil Procedure 59 and 60 seeking to modify the 28 December

2017 order. Defendant contends that the trial court erred by exercising subject

matter jurisdiction over the child support dispute in the 28 December 2017 order, and

that both the 28 December 2017 and 25 January 2018 orders should be vacated (the

latter as moot) as a result. We affirm.
 WATKINS V. BENJAMIN

 Opinion of the Court

 I. Background

 The parties married in October 1996, separated in August 2012, and divorced

in April 2014. Two children were born of the marriage, and the family lived together

in Buncombe County.

 In April 2013, following the parties’ separation, Defendant and the children

relocated to Virginia. On 19 August 2013, Plaintiff filed a complaint in Buncombe

County District Court seeking equitable distribution of the marital estate and joint

custody of the children. Defendant answered on 14 February 2014, and asserted a

number of counterclaims including, inter alia, a claim for child support. Plaintiff

replied, asserted affirmative defenses, and moved to dismiss on 3 April 2014,

conceding that he “owe[d] a duty of support to the minor children.”

 The trial court entered a temporary consent order on 17 July 2014 awarding

the parties joint custody of the children and awarding primary placement of the

children to Plaintiff in Buncombe County. On 6 February 2015, the trial court

entered an order that, inter alia, denied both parties’ claims for temporary child

support, and reserved the issues of retroactive and prospective child support for

subsequent determination. The trial court entered an order on 25 August 2015 that,

inter alia, dismissed both parties’ pending claims for retroactive child support, held

that no child support arrears existed as of 1 August 2015, and reserved the issues of

child custody and prospective child support for subsequent determination.

 -2-
 WATKINS V. BENJAMIN

 Opinion of the Court

 On 9 October 2015, the trial court entered an order that, inter alia, found that

Defendant had relocated to Maryland, awarded custody of the children to Plaintiff;

and ordered Defendant to pay Plaintiff child support (including arrears) and

temporary prospective child support. The trial court entered an order on 22 March

2016 that, inter alia, calculated the arrears owed to Plaintiff by Defendant, set

Defendant’s permanent prospective child support obligation to Plaintiff, and set forth

certain prospective expenses to be shared by the parties. Plaintiff applied for child

support services from the Buncombe County Child Support Enforcement Agency,

which moved to intervene on 27 May 2016. On 28 June 2016, the trial court entered

an order that, inter alia, allowed the intervention and recalculated the child support

arrears owed to Plaintiff by Defendant.

 Defendant filed a motion to modify the child custody arrangement and to hold

Plaintiff in civil contempt on 4 October 2016. The trial court entered a contempt

citation and order to show cause on 6 October 2016. On 3 January 2017, the trial

court entered a consent order that reflected the parties’ agreement to, inter alia: (1)

modify the custody arrangement such that the parties would share joint custody of

the children, and award primary placement of the children to Defendant; (2) settle

Defendant’s pending claims in the action; (3) reserve Plaintiff’s rights to recover

retroactive child support from Defendant; and (4) have the trial court and the State

of North Carolina “retain jurisdiction over the parties and the minor children in

 -3-
 WATKINS V. BENJAMIN

 Opinion of the Court

regards to child custody and child support issues” and “future modification of” the

orders enforcing the trial court’s rulings on those issues.

 Sometime in early 2017, Defendant filed a complaint seeking child support

from Plaintiff in the Circuit Court of Baltimore County, Maryland (the “Maryland

action”). Plaintiff moved to dismiss, and the Maryland court dismissed Defendant’s

Maryland action on 9 June 2017, concluding that it lacked personal jurisdiction over

Plaintiff. On 13 November 2017, Defendant filed a petition with the Maryland court

to have the dismissal of the Maryland action reviewed, and Defendant’s petition was

apparently granted and remained pending as of the time the orders at issue in this

appeal were entered.

 On 19 May 2017—after she filed the Maryland action, and before the Maryland

court dismissed the same—Defendant moved the trial court (i.e., the Buncombe

County District Court) to modify the child support obligations between the parties to

reflect the modified custody arrangement, specifically arguing that “substantial

changes in circumstances [] ha[d] occurred[.]”

 On 10 August 2017, Plaintiff moved the trial court to “review [] the current

order of child support” and to “determine an appropriate award of support and an

appropriate manner of crediting the arrears due from Defendant to Plaintiff.”

Plaintiff stated that the children were with Defendant in Maryland, but did not allege

that a substantial change in circumstances had taken place.

 -4-
 WATKINS V. BENJAMIN

 Opinion of the Court

 The trial court entered a consent order on 7 November 2017 granting

Defendant’s request to voluntarily dismiss the 19 May 2017 motion without prejudice.

Defendant paid the arrears she owed to Plaintiff in full on 9 November 2017.

 The trial court held a hearing on 14-15 November 2017 on Plaintiff’s 10 August

2017 motion to clarify the child support obligations owed by the parties. At the

hearing, Defendant moved to dismiss due to the pendency of the Maryland court’s

review of the dismissal of the Maryland action. The trial court denied Defendant’s

motion.

 The trial court entered the child support order here at issue on 28 December

2017. In its 28 December 2017 order, the trial court, inter alia: (1) found that “North

Carolina retains ongoing, exclusive jurisdiction of the matters of custody and support

of the minor children[,]” even though the children resided with Defendant in

Maryland; (2) ordered Plaintiff to make child support payments going forward; and

(3) decreed that the order “resolve[d] all pending matters of child support[ and]

arrears[] by and between the parties.”

 On 8 January 2018, Defendant moved the trial court under N.C. Gen. Stat. §

1A-1, Rules 59 and 60, to amend the 28 December 2017 order after consideration of

Defendant’s draft proposed order, which the trial court agreed to consider. On 25

January 2018, the trial court entered an order denying Defendant’s Rule 59 and 60

 -5-
 WATKINS V. BENJAMIN

 Opinion of the Court

motions and dismissing them with prejudice. Defendant timely appealed both the 28

December 2017 and 25 January 2018 orders.

 II. Discussion

 Defendant contends that the trial court erred by exercising subject matter

jurisdiction over the child support issue in the 28 December 2017 order, and that the

25 January 2018 order is moot as a result.

 a. Standard of Review

 We review a trial court’s exercise of subject matter jurisdiction de novo. Keith

v. Wallerich, 201 N.C. App. 550, 554, 687 S.E.2d 299, 302 (2009).

 b. Analysis

 The Uniform Interstate Family Support Act (“UIFSA”), codified at N.C. Gen.

Stat. § 52C (2017), contains a provision that sets forth whether a state has jurisdiction

over a support dispute when there exist multiple support proceedings pending

simultaneously in multiple states: N.C. Gen. Stat. § 52C-2-204 (“Simultaneous

Proceedings”). N.C. Gen. Stat. § 52C-2-204(a) specifically concerns when a “tribunal

of this State may exercise jurisdiction to establish a support order”—as opposed to

the state’s jurisdiction to modify an existing support order—and sets forth certain

deadlines for filing a support petition which a litigant must meet if it seeks to have a

state exercise jurisdiction over the petition. Id. (emphasis added).

 -6-
 WATKINS V. BENJAMIN

 Opinion of the Court

 Defendant argues that, pursuant to N.C. Gen. Stat. § 52C-2-204(a), the trial

court lacked subject matter jurisdiction over the child support issue in the 28

December 2017 order. Specifically, Defendant argues that since Plaintiff did not owe

Defendant child support on 28 December 2017, the 28 December 2017 order setting

Plaintiff’s obligation to Defendant was the establishment of a new child support order,

rather than the modification of the existing child support order (as last modified on

28 June 2016) which previously obligated Defendant to pay Plaintiff. Since no child

support obligation flowing from Plaintiff to Defendant had been established as of 28

December 2017, Defendant’s argument continues, the facts that (1) Defendant filed

the Maryland action in early 2017 to establish Plaintiff’s child support obligation to

Defendant and (2) Plaintiff did not move the trial court until 10 August 2017 to clarify

Plaintiff’s obligation to Defendant—which was beyond the time Maryland law

allowed Plaintiff to file a responsive pleading contesting Maryland’s exercise of

jurisdiction—mean that North Carolina was not authorized to exercise jurisdiction

over the child support issue on 28 December 2017 under N.C. Gen. Stat. § 52C-2-

204(a).

 Defendant does not argue that the trial court lacked jurisdiction to modify its

existing orders, such that we need not analyze whether Plaintiff met N.C. Gen. Stat.

§ 52C-2-204(a)’s filing deadlines unless we decide that the 28 December 2017 order

was the establishment of a new support order rather than a modification of an

 -7-
 WATKINS V. BENJAMIN

 Opinion of the Court

existing support order. A threshold question is therefore whether the trial court’s 28

December 2017 order was, in fact, the establishment of a new child support order

under UIFSA as Defendant suggests.

 Neither “establishment” nor “modification” are expressly defined in UIFSA’s

“Definitions” section, N.C. Gen. Stat. § 52C-1-101. Defendant argues that UIFSA

makes a “distinction between ‘establishment’ proceedings versus ‘modification’

proceedings” that is “tied to the definition of ‘obligor.’” Defendant points out that

UIFSA defines “[o]bligor” as one who is actually or allegedly obligated to owe child

support, N.C. Gen. Stat. § 52C-1-101(13), and argues that since Plaintiff was not

actually or allegedly obligated to Defendant for child support prior to the initiation of

the Maryland action, the result is that Plaintiff was not an “[o]bligor” prior to that

time whose obligation could be modified in a modification proceeding.

 But Defendant does not cite to any authority for her contention that UIFSA

employs an “obligor-focused approach[.]” As mentioned above, N.C. Gen. Stat. § 52C-

2-204(a) describes when a “tribunal of this State may exercise jurisdiction to establish

a support order[,]” not an obligation. N.C. Gen. Stat. § 52C-2-204(a) (emphasis

added). And “[s]upport order” is expressly defined by UIFSA as “a judgment, decree,

order, decision, or directive, whether temporary, final, or subject to modification,

issued in a state or a foreign country for the benefit of a child, a spouse, or a former

spouse, which provides for monetary support, health care, arrearages, retroactive

 -8-
 WATKINS V. BENJAMIN

 Opinion of the Court

support, or reimbursement for financial assistance provided to an individual obligee

in place of child support.” N.C. Gen. Stat. § 52C-1-101(21). That definition does not

specify that a support order is confined to the obligations of one specific obligor,

discrete from any obligations the obligee might owe to the obligor. On the contrary,

that definition contemplates that a “[s]upport order” is an “order, . . . for the benefit

of a child, . . . which [inter alia] provides for monetary support, . . . [and] arrearages,”

and specifically contemplates that such a support order can be “subject to

modification.” Id. Since the trial court entered an order first on 9 October 2015—

which was most recently superseded on 28 June 2016—requiring Defendant to pay

Plaintiff prospective child support and arrearages for the benefit of the parties’

children, a support order had already been established prior to the trial court’s 28

December 2017 order. We thus conclude that the 28 December 2017 order was a

modification thereof rather than the establishment of a new child support order.

 Our conclusion resonates with the purposes for which our legislature (and the

legislatures of many of our sister states, including Maryland) enacted UIFSA:

 UIFSA was enacted to replace its predecessor, the Uniform
 Reciprocal Enforcement of Support Act (“URESA”). Under
 URESA, a state could assert jurisdiction to establish,
 vacate, or modify a child or spousal support obligation even
 when a similar obligation had been created in another
 jurisdiction. The result was often multiple, inconsistent
 obligations existing for the same obligor and injustice in
 that obligors could avoid their responsibility by moving to
 another jurisdiction and having their support obligations
 modified or even vacated. UIFSA creates a structure

 -9-
 WATKINS V. BENJAMIN

 Opinion of the Court

 designed to correct this problem and provide for only one
 support order at a time.

Butler v. Butler, 152 N.C. App. 74, 78, 566 S.E.2d 707, 709-10 (2002) (internal

quotation marks and citations omitted). And most on-point on the facts of this case,

the official commentary to the UIFSA “Definitions” section (notably regarding the

definition of “[o]bligor”) states as follows, in part:

 The one-order system of UIFSA can succeed only if the
 respective obligations of support are adjusted as the
 physical possession of a child changes between parents or
 involves a third-party caretaker. This must be
 accomplished in the context of modification, and not by the
 creation of multiple orders attempting to reflect each
 changing custody scenario.

N.C. Gen. Stat. Ann. § 52C-1-101 official commentary (2015) (emphasis added). We

accordingly conclude that the trial court did not err in exercising jurisdiction over the

child support issue, and affirm the trial court’s modification of its existing child

support order.

 Nonetheless, Plaintiff asks us to remand the 28 December 2017 order to the

trial court for the addition of a conclusion that there has been a substantial change

in circumstances. We do not believe that remand is necessary. While a child support

order may only be modified “upon . . . a showing of changed circumstances,” N.C. Gen.

Stat. § 50-13.7(a) (2017), the lack of an express conclusion that such a showing has

been made does not render such a modification deficient such that remand is required

where the findings in the order reflect the showing of the changed circumstances. See

 - 10 -
 WATKINS V. BENJAMIN

 Opinion of the Court

Davis v. Davis, 229 N.C. App. 494, 503, 748 S.E.2d 594, 601 (2013) (“even if the ‘magic

words’ are not used, the factual findings must still make the substantial change of

circumstances and its effect upon the children clear”).

 In its 28 December 2017 order, the trial court found that the children had

moved to Maryland to live with Defendant. The undisputed finding regarding the

children’s move reflects a substantial change of circumstances sufficient to support

the modification of the support order under N.C. Gen. Stat. § 50-13.7(a). See Shipman

v. Shipman, 357 N.C. 471, 479, 586 S.E.2d 250, 256 (2003) (reviewing the trial court’s

modification of a child custody order and noting that “the effects of the substantial

changes in circumstances on the minor child . . . [were] self-evident, given the nature

and cumulative effect of those changes as characterized by the trial court in its

findings of fact”). We accordingly decline to remand the 28 December 2017 order to

the trial court.

 Finally, Defendant’s arguments concerning the 25 January 2018 order rest

upon a conclusion that the 28 December 2017 order is void. As we decline to so

conclude, and instead affirm the 28 December 2017 order, Defendant’s arguments are

unavailing, and we also affirm the 25 January 2018 order.

 III. Conclusion

 Because we conclude that the trial court’s 28 December 2017 order was a

modification of the trial court’s existing child support order, we conclude that the trial

 - 11 -
 WATKINS V. BENJAMIN

 Opinion of the Court

court had subject matter jurisdiction over the child support issue and affirm both the

28 December 2017 and 25 January 2018 orders.

 AFFIRMED.

 Judges BRYANT and MURPHY concur.

 - 12 -