STEFEN CRAIG GILLIKIN v. WALTER HANNON PIERCE, JR.

No. 893SC122

(Filed 15 May 1990)

1. **Appeal and Error § 111 (NCI4th)— prior action pending— denial of dismissal—immediate appeal**

    Although appeal of the trial court's denial of a motion to dismiss on the ground of a prior action pending is interlocutory because it is not a final adjudication, a denial of such a motion is immediately appealable.

    **Am Jur 2d, Appeal and Error §§ 50, 105.**

2. **Rules of Civil Procedure § 41.2 (NCI3d)— voluntary dismissal by plaintiff—simultaneous voluntary dismissal of counterclaim—defendant's consent to plaintiff's dismissal not required**

    A plaintiff may voluntarily dismiss his claim without defendant's consent when defendant's attorney simultaneously voluntarily dismisses defendant's counterclaim arising out of the same transaction alleged in the complaint, since the

GILLIKIN v. PIERCE

[98 N.C. App. 484 (1990)]

simultaneous actions of the parties constitute a conclusion of action with respect to each claim, and defendant thus has no counterclaim pending against plaintiff which would enable him to prevent plaintiff from dismissing his claim without defendant's consent.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 66, 67.**

3. **Rules of Civil Procedure § 41.2 (NCI3d) — voluntary dismissal by plaintiff — simultaneous dismissal of counterclaim — implied consent to plaintiff's dismissal**

Assuming arguendo that defendant's counterclaim arising out of the same transaction as the complaint was still pending when plaintiff voluntarily dismissed his complaint, defendant's filing of a voluntary dismissal of his counterclaim at the same instant that plaintiff dismissed his complaint was in effect a stipulation of dismissal of plaintiff's claim.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 66, 67.**

4. **Attorneys at Law § 30 (NCI4th); Rules of Civil Procedure § 41.2 (NCI3d) — notice of dismissal — signature of attorney — presumption of authority**

A notice of voluntary dismissal of defendant's counterclaim was not ineffective because it was signed only by defendant's attorney, since an attorney may properly sign a written dismissal without the client's signature, and it is presumed that the attorney had authority to act for the client.

**Am Jur 2d, Attorneys at Law § 155.**

APPEAL by defendant from order entered 27 December 1988 by *Judge David E. Reid, Jr.* in CARTERET County Superior Court. Heard in the Court of Appeals 13 September 1989. Defendant's petition for rehearing allowed for the purpose of modifying the earlier opinion.

*Wheatly, Wheatly, Nobles, Weeks & Wainwright, P.A., by Stevenson L. Weeks, for plaintiff-appellee.*

*Stith and Stith, P.A., by F. Blackwell Stith and Susan H. McIntyre, for defendant-appellant.*

GREENE, Judge.

Defendant appeals the trial court's denial of defendant's motion to dismiss plaintiff's personal injury complaint.

Defendant Pierce ("Pierce") was the driver of a car which collided with a car that plaintiff Gillikin ("Gillikin") was driving. Originally, Pierce instituted a lawsuit for personal injury against Gillikin, alleging Gillikin's negligence. Gillikin answered Pierce's complaint, denied negligence and counterclaimed against Pierce for Pierce's negligence in causing the accident. Each alleged that the other had negligently crossed the center line of the road, causing the collision. Pierce answered Gillikin's counterclaim, denying liability and asserting Gillikin's contributory negligence as a defense. Before the lawsuit was tried, Pierce voluntarily dismissed his complaint with prejudice on 12 January 1987, at 10:37 a.m., pursuant to N.C.G.S. § 1A-1, Rule 41(a) (Cum. Supp. 1989). The voluntary dismissal was signed by Pierce and by Pierce's attorney. Pierce also executed a release and discharge of all claims against Gillikin resulting from the collision in exchange for $3,000.00. The same day, hour and minute, Gillikin voluntarily dismissed his counterclaim against Pierce without prejudice. The voluntary dismissal was signed by Gillikin's attorney and was not signed by Gillikin. Approximately, ten months later, Gillikin filed a complaint against Pierce which contained the same allegations as those in his former counterclaim against Pierce. Pierce filed a motion to dismiss Gillikin's complaint, asserting that abatement of Gillikin's cause of action was necessary because Pierce's own complaint had not been properly dismissed, and remained as a prior pending action between the parties on the same issues of negligence. In its order denying Pierce's motion, the trial court found that the prior action had been properly dismissed.

---

The dispositive issue is whether plaintiff may voluntarily dismiss his complaint when defendant asserts a counterclaim arising out of the same transaction alleged in the complaint, and defendant's attorney simultaneously voluntarily dismisses the counterclaim.

[1] Although appeal of the trial court's denial of a motion to dismiss on the ground of a prior action pending is interlocutory because it is not a final adjudication, a denial of such a motion is immediately appealable. *Atkins v. Nash*, 61 N.C. App. 488, 489, 300 S.E.2d 880, 881 (1983). Accordingly, we address the merits.

GILLIKIN v. PIERCE

[98 N.C. App. 484 (1990)]

[2] When " 'defendant sets up a counterclaim arising out of the same transaction alleged in the plaintiff's complaint, the plaintiff cannot take a [voluntary dismissal] without the consent of the defendant. . . .' " *McCarley v. McCarley*, 289 N.C. 109, 112, 221 S.E.2d 490, 492 (1976) (citation omitted); *see* N.C.G.S. § 1A-1, Rule 41(a)(1) (voluntary dismissal by plaintiff or by stipulation). The basis for this rule is that any party making such a claim has "the right to have [adjudicated] all the matters put in issue by the pleadings . . ." *Whedbee v. Leggett*, 92 N.C. 465, 470 (1884). However, if no counterclaim is pending, or if the counterclaim is independent and does not arise of the same transaction as the complaint, a party may voluntarily dismiss his suit without the opposing party's consent by filing a notice of dismissal. N.C.G.S. § 1A-1, Rule 41(a)(1)(i); *Ward v. Taylor*, 68 N.C. App. 74, 78, 314 S.E.2d 814, 819, *cert. denied*, 311 N.C. 769, 321 S.E.2d 157 (1984) (after a party files a voluntary dismissal, no suit is pending). "Pending" means "[b]egun, not yet completed . . . awaiting an occurrence or conclusion of action." Black's Law Dictionary 1021 (5th ed. 1979).

In this case, Pierce and Gillikin each filed a notice of dismissal during the same minute on the same day, and their simultaneous action constituted a 'conclusion of action' with respect to each claim. Since Gillikin's counterclaim was concluded at the time Pierce filed his complaint dismissal, Gillikin has no counterclaim pending against Pierce which would enable Gillikin to prevent Pierce from dismissing his complaint without Gillikin's consent. Each party's concurrent right to have his claim issues adjudicated, and concurrent right to hold the other into court, ceased simultaneously, and neither may assert improper dismissal of his own or the other's pleadings.

[3] Assuming, *arguendo*, that Gillikin's counterclaim was pending when Pierce dismissed his complaint, we determine that Gillikin's counterclaim dismissal constituted implied consent to Pierce's complaint dismissal.

Generally, consent is evidenced "by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . ." N.C.G.S. § 1A-1, Rule 41(a)(1)(ii). However, our courts disfavor a strict statutory construction of Rule 41, and allow other actions to substitute for the procedure of filing of a "paper writing" in compliance with the procedural mandates. *See Danielson v. Cummings*, 300 N.C. 175, 179, 265 S.E.2d 161, 163 (1980) (North Carolina tradition equates oral notice in open court with a filed written

GILLIKIN v. PIERCE

[98 N.C. App. 484 (1990)]

notice of voluntary dismissal). "In construing Rule 41 . . . we must give effect to the legislative intent, and avoid constructions which operate to defeat or impair that intent." *Ward*, at 79, 314 S.E.2d at 819. The legislative intent underlying enactment of Rule 41 was to protect defendants from abusive use of the voluntary dismissal procedure when "there has been a heavy expenditure of time and effort by the court and other parties." N.C.G.S. § 1A-1, Rule 41, Comment.

In this case, Gillikin's filing of a signed voluntary dismissal of his claim against Pierce at the same instant that Pierce dismissed his complaint was in effect a stipulation of dismissal to Pierce's claim. Gillikin's dismissal of his counterclaim showed Gillikin's willingness to abandon the time and effort he had expended on his claim, and to forego his right to have his claim adjudicated. Such action speaks "consent" as clearly as oral notice or written stipulation.

[4] Pierce also contends that Gillikin's notice of voluntary dismissal of Gillikin's counterclaim is ineffective because only Gillikin's attorney signed the notice. We disagree, because the lack of Gillikin's signature was immaterial.

An attorney may properly sign a written dismissal without his or her client's signature. *See Department of Transportation v. Combs*, 71 N.C. App. 372, 322 S.E.2d 602 (1984). While Rule 41(a) requires the consent of the *parties* to the litigation, there is a presumption that an attorney has authority to act for his client and one challenging the attorney's actions as being unauthorized has the burden of rebutting the presumption. N.C.G.S. § 1A-1, Rule 41(a); *J.I.C. Electric, Inc. v. Murphy*, 81 N.C. App. 658, 660, 344 S.E.2d 835, 837 (1986). Here, Pierce has offered no evidence to rebut the presumption.

We determine that the earlier action was concluded, is no longer pending, and does not abate this action. Therefore, the trial court was correct in denying defendant's motion to dismiss the present action. *Layell v. Baker*, 46 N.C. App. 1, 4, 264 S.E.2d 406, 409 (1980) (abatement is proper only when another action stating the same claim is pending in another court).

Affirmed.

Judges JOHNSON and EAGLES concur.