*Ass'n*, 344 N.C. 394, 399, 474 S.E.2d 783, 787 (1996). In the case *sub judice*, the trial court properly exercised its discretion in ordering that defendant's workers' compensation benefits be placed in a constructive trust for the benefit of plaintiff Sara Lee.

We therefore reverse the Court of Appeals' rulings.

REVERSED.

Justice FREEMAN did not participate in the consideration or decision of this case.

━━━━━━━━━━━━

BETH M. SHARP v. THADDEUS PENDER SHARP, III, THADDEUS PENDER SHARP, JR., ALAN D. SHARP, SHARP FARMS, A NORTH CAROLINA PARTNERSHIP, COMPOSED OF THADDEUS PENDER SHARP, JR. AND ALAN D. SHARP, PARTNERS; AND SHARP FARMS INC., A NORTH CAROLINA CORPORATION

No. 223A99

(Filed 8 October 1999)

**Divorce— equitable distribution—third party—constructive trust—jury trial**

A Court of Appeals decision is reversed for the reason stated in the dissenting opinion in the Court of Appeals that a third party to an equitable distribution action does not have a constitutional right to a jury trial on a claim seeking imposition of a constructive trust on property to which the third party holds legal title.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 133 N.C. App. 125, 514 S.E.2d 312 (1999), reversing an order signed 16 March 1998 by Patterson, J., in District Court, Wilson County. Heard in the Supreme Court 20 September 1999.

*Reid, Lewis, Deese, Nance & Person, L.L.P., by Renny W. Deese; and Daughtry, Woodard, Lawrence & Starling, L.L.P., by Stephen C. Woodard, Jr., for plaintiff-appellant.*

*Walter L. Hinson, P.A., by Walter L. Hinson and Lisa T. Rabon, for defendant-appellees Thaddeus Pender Sharp, Jr.; Alan D. Sharp; Sharp Farms; and Sharp Farms, Inc.*

**ROBINSON v. STATE OF N.C.**

[351 N.C. 38 (1999)]

PER CURIAM.

For the reasons stated in the dissenting opinion of Judge Timmons-Goodson, the decision of the Court of Appeals is reversed.

REVERSED.                                                                        '

―――――――――

DELORES D. ROBINSON v. STATE OF NORTH CAROLINA, EAST CAROLINA UNIVERSITY

No. 203A99

(Filed 8 October 1999)

**State— tort claim—breach of duty and proximate cause— insufficient evidence**

    A Court of Appeals decision affirming an order of the Industrial Commission awarding damages to plaintiff in a tort claim action for injuries received when a light fixture fell on her head in a building owned by defendant ECU is reversed for the reason stated in the dissenting opinion in the Court of Appeals that plaintiff's evidence was insufficient to show that defendant's employee breached a duty to plaintiff or that any alleged breach of duty was the proximate cause of plaintiff's injury.

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 133 N.C. App. ――, 514 S.E.2d 301 (1999), affirming a decision and order of the North Carolina Industrial Commission entered 10 March 1998. Heard in the Supreme Court 17 September 1999.

*Gray, Newell & Johnson, L.L.P., by S. Camille Payton and Mark V.L. Gray, for plaintiff-appellee.*

*Michael F. Easley, Attorney General, by Don Wright, Assistant Attorney General, for defendant-appellant.*

PER CURIAM.

For the reasons stated in the dissenting opinion of Eagles, C.J., the decision of the Court of Appeals, which affirmed the decision and order of the Industrial Commission, is reversed. This case is