JIMMY K. JESSEE, Plaintiff v. CHRISTINE JESSEE and SANDRA L. STEWART, Individually and as Trustee of the Jessee Family Trust and THE JESSEE FAMILY TRUST, Defendants

No. COA09-1704

(Filed 7 June 2011)

**1. Appeal and Error— interlocutory orders and appeals— motion to change venue and dismiss—prior related action**

An order denying a motion to change venue and dismiss a complaint because of a prior related action did not dispose of the case and was interlocutory, but the Court of Appeals issued a writ of *certiorari* on its own motion to reach the merits.

**2. Jurisdiction— pending related equitable distribution action—second action not subsumed by first**

The trial court correctly denied defendants' motion to dismiss a Forsyth County action that alleged fraud where there was an equitable distribution action pending in Alamance County. Although defendants contended that plaintiff's claims were subject to the exclusive jurisdiction of the district court pursuant to N.C.G.S. § 7A-244, they offered no specific reasons for the Forsyth County claims being barred by or completely subsumed within the pending Alamance County domestic action.

**3. Trials— prior pending action doctrine—second action not subsumed by first—second action held in abeyance**

The trial court did not err by denying defendants' motion to dismiss a Forsyth County complaint alleging fraud while there was a pending domestic action in Alamance County. Defendants contended that the action should have been dismissed under the "prior pending action doctrine" but did not demonstrate that any of the issues raised in the Forsyth County action were completely subsumed in the Alamance County action. However, there was a clear interrelationship between the cases and the Forsyth County action was to be held in abeyance pending resolution of the Alamance County action.

Judge STROUD concurring in the result only.

Appeal by defendants from order entered 3 September 2009 by Judge Richard W. Stone in Forsyth County Superior Court. Heard in the Court of Appeals 9 June 2010.

*David B. Hough, P.A., by David B. Hough, for plaintiff-appellee.*

*Vernon, Vernon, Wooten, Brown, Andrews & Garrett, P.A., by Benjamin D. Overby, for defendant-appellants.*

ERVIN, Judge.

Defendants Christine Jessee; Sandra L. Stewart, individually and as Trustee of the Jessee Family Trust; and the Jessee Family Trust appeal from an order entered by the trial court denying their motion to dismiss the complaint filed by Plaintiff Jimmy K. Jessee on the grounds that the pleading in question involved issues that had already been joined between the parties in an equitable distribution case that was pending before the Alamance County District Court. After careful consideration of Defendants' challenges to the trial court's order in light of the record and the applicable law, we conclude that Plaintiff's complaint should not be dismissed, that the trial court's order should be affirmed, and that the Forsyth County case should be held in abeyance pending resolution of the Alamance County domestic relations case.

## I. Factual Background

Plaintiff and Defendant Christine Jessee married on 28 September 2002 and separated 9 May 2008. On 21 July 2008, Defendant Christine Jessee filed a complaint in Alamance County District Court seeking a divorce from bed and board, post-separation support and alimony, and equitable distribution. On 3 September 2008, Plaintiff filed an answer to Defendant Christine Jessee's Alamance County complaint in which he denied the material allegations of Defendant Christine Jessee's complaint and counterclaimed for divorce from bed and board based on a number of grounds, including an allegation that Defendant Christine Jessee had impermissibly utilized Plaintiff's credit card "to borrow the sum of $24,000.00 . . . without the knowledge or consent of" Plaintiff, and equitable distribution.

On 24 April 2009, Plaintiff filed a complaint in Forsyth County Superior Court alleging that Defendant Christine Jessee had committed various fraudulent acts which resulted in the conversion of $56,663.00 of funds to which Plaintiff was entitled for her personal use and improperly conveyed the marital residence to Defendant Jessee Family Trust. According to the allegations of Plaintiff's com-

JESSEE v. JESSEE

[212 N.C. App. 426 (2011)]

plaint, Defendant Christine Jessee resided in the former marital residence in Burlington after she and Plaintiff separated, while Plaintiff decided to live in Winston-Salem. As of the date of separation, Plaintiff received monthly Social Security checks in the amount of $1,977.00. However, during the months of May and June, 2008, Defendant Christine Jessee, without Plaintiff's knowledge and consent, redirected two of Plaintiff's Social Security checks for her own personal use, depriving him of $3,954.00 in Social Security benefits. In addition, Plaintiff alleged that Defendant Christine Jessee obtained the issuance of various credit cards or other loan proceeds, which she utilized for her own benefit, by fraudulently providing Plaintiff's personal identification information, including his social security number, date of birth, and mother's maiden name, to the entities issuing the cards in question after the date of separation. More specifically, Plaintiff alleged in his Forsyth County complaint that Defendant Christine Jessee improperly obtained the following "loans," the proceeds of which she improperly utilized for her own purposes, for which the lending entities were seeking to hold Plaintiff liable:

1. An indebtedness of $24,200.00 arising from Defendant Christine Jessee's decision to improperly utilize an L.L. Bean credit card issued by Bank of America in Plaintiff's name and to utilize the card for her own purposes.

2. An indebtedness of $19,940.00 arising from Defendant Christine Jessee's decision to improperly obtain a credit card issued by American Express in Plaintiff's name and to utilize the card for her own purposes.

3. An indebtedness of $3,251.00 arising from Defendant Christine Jessee's decision to improperly obtain a credit card issued by J.P. Morgan Chase in Plaintiff's name and to utilize the card for her own purposes.

4. An indebtedness of $661.00 arising from Defendant Christine Jessee's decision to improperly obtain a credit card issued by Citigroup in Plaintiff's name and to utilize the card for her own purposes.

5. An indebtedness of $3,657.00 arising from Defendant Christine Jessee's decision to improperly obtain an additional credit card issued by J.P. Morgan Chase in Plaintiff's name and to utilize the card for her own purposes.

6. An indebtedness of $1,000.00 arising from Defendant Christine Jessee's decision to improperly obtain a credit card issued by Discover in Plaintiff's name and to utilize the card for her own purposes.

Moreover, Plaintiff alleged in his Forsyth County complaint that, on or about 3 September 2008, Defendant Christine Jessee, directly or indirectly utilizing funds that "she obtained from the fraudulent social security check and credit card transactions, satisfied all of the existing mortgage secured by" the marital home and filed the necessary satisfaction notice with the Alamance County Register of Deeds. In addition, Plaintiff alleged that, on or about 26 November 2008, Defendant Christine Jessee and her close personal friend, Defendant Sandra L. Stewart, formed Defendant Jessee Family Trust, with Defendant Sandra L. Stewart designated as trustee and with the trust corpus to be used for the benefit of Defendant Christine Jessee. According to Plaintiff's complaint, Defendant Christine Jessee fraudulently conveyed the unencumbered marital residence to Defendant Sandra L. Stewart in her capacity as trustee of the Jessee Family Trust, with a retained life estate for the benefit of Defendant Christine Jessee. Based upon these allegations, Plaintiff alleged that he was entitled to recover at least $3,954.00 relating to the converted Social Security checks and at least $52,709.00 relating to the improperly obtained credit cards from Defendants Christine Jessee and Sandra L. Stewart, to recover punitive damages from Defendant Christine Jessee, to recover statutory damages for identity theft and attorneys fees pursuant to N.C. Gen. Stat. § 1-539.2C, and to have the transfer of the marital residence to the Jessee Family Trust invalidated.

On 3 June 2009, Defendants filed a motion seeking to have the venue for the Forsyth County action changed to Alamance County on the grounds that "[a]ll of the alleged actions were purported to occur in Alamance County." On 17 August 2009, Defendants filed an Answer, Motion to Change Venue and Motion to Dismiss in the Forsyth County action in which Defendants denied the material allegations of Plaintiff's complaint, sought the dismissal of the Forsyth County action based upon N.C. Gen. Stat. § 7A-244 and the "prior pending action" doctrine in light of the pending domestic action in Alamance County, asserted certain affirmative defenses, and renewed their motion that venue for the Forsyth County action be changed to Alamance County. On 19 August 2009, Plaintiff filed a reply to Defendant's dismissal and change of venue motions.

After conducting a hearing concerning Defendants' dismissal and change of venue motions at the 31 August 2009 civil session of Forsyth County Superior Court, the trial court entered an Order Denying Defendants' Motions to Change Venue and to Dismiss on 3 September 2009. In its order, the trial court found as a fact that:

## Motion to Dismiss

9. On or about July 18, 2008, Defendant Christine Jessee filed against the Plaintiff a domestic action in Alamance County (08 CVD 2228), seeking a Divorce from Bed and Board, Post Separation Support/Alimony and Equitable Distribution.

10. The instant case does involve two of the same parties, yet raises different causes of action, namely, the alleged theft by Defendant Christine Jessee of two Social Security checks and the identity of the Plaintiff and the alleged fraudulent conveyance by the Defendant Christine Jessee of a parcel of real property.

11. The instant case, therefore, is not subject to the provisions of N.C. [Gen. Stat.] § 7A-244 and does not include the same subject matter of the Alamance County domestic case. Furthermore, the Complaint in the instant case does state a claim upon which relief can be granted.

12. The instant case, therefore, should not be dismissed as against the Plaintiff and the Defendants' motion to dismiss should be denied.

Based upon these findings of fact[1], the trial court "conclude[d] as a matter of law that the Defendants' motions to change the venue of this action and to dismiss this action ought to be denied" and denied both motions. Defendants noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

On appeal, Defendants contend that the trial court erred by failing to dismiss the Forsyth County action in light of the pending domestic action in Alamance County District Court because Plaintiff's claims implicate the exclusive jurisdiction of the District Court over domestic relations cases established by N.C. Gen. Stat. § 7A-244 and because the

---

1. In view of the fact that Defendants have not challenged the denial of their motion for change of venue on appeal, we have not set out the trial court's findings of fact relating to this issue in the text of our opinion.

Forsyth County action is barred under the "prior pending action" doctrine. We are not persuaded by either of Defendants' contentions.

### A. Appealability

**[1]** As a preliminary matter, the order from which Defendants have sought to appeal is clearly interlocutory rather than final in nature, since the trial court's orders were "made during the pendency of an action [and] do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy," *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999) (citing *Veazey v. City of Durham*, 231 N.C. 357, 361, 57 S.E.2d 377, 381 (1950)), and since the trial court's order did not "settle[] and determine[]" the "entire controversy" between the parties. As a general proposition, "there is no right of immediate appeal from interlocutory orders and judgments." *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 291, 420 S.E.2d 426, 428 (1992) (citing *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990)). A trial court's refusal to abate an action based upon the prior pending action doctrine is, however, immediately appealable. *Gillikin v. Pierce*, 98 N.C. App. 484, 486, 391 S.E.2d 198, 199, *disc. review denied*, 327 N.C. 427, 395 S.E.2d 677 (1990) (citing *Atkins v. Nash*, 61 N.C. App. 488, 489, 300 S.E.2d 880, 881 (1983)). On the other hand, a trial court order's refusal to dismiss a complaint for lack of subject matter jurisdiction is not subject to appellate review on an interlocutory basis as a matter of right. *Shaver v. Construction Co.*, 54 N.C. App. 486-87, 283 S.E.2d 526, 527 (1981). In this case, however, given the necessity for us to address the "prior pending action" issue on the merits and given the interrelated nature of Defendants' twin challenges to the trial court's order, we conclude that we should exercise our authority to treat the record on appeal and briefs as a petition for the issuance of a writ of *certiorari* with respect to the exclusive jurisdiction issue and issue the writ on our own motion pursuant to N.C. Gen. Stat. § 7A-32(c) and N.C.R. App. P. 21 in order to reach the merits of both of Defendants' challenges to the trial court's order. *Anderson v. Hollifield*, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997). As a result, we will address both of Defendants' claims on the merits.[2]

---

2. In addition to a record on appeal, Defendants filed a Supplement pursuant to N.C.R. App. P. 11(c). In his brief, Plaintiff argues that none of the materials contained in the proposed Rule 11(c) supplement were actually tendered to the trial court at the time of the hearing held with respect to Defendants' dismissal motions. As best we can tell, the trial court never had an occasion to determine whether the materials contained in the Rule 11(c) supplement were actually considered during the proceedings

## B. Substantive Legal Issues

### 1. Exclusive District Court Jurisdiction

**[2]** In their first challenge to the trial court's order, Defendants contend that the trial court should have dismissed the Forsyth County action because Plaintiff's claims were subject to the exclusive jurisdiction of the District Court pursuant to N.C. Gen. Stat. § 7A-244 (providing that "[t]he district court division is the proper division without regard to the amount in controversy, for the trial of civil actions and proceedings for annulment, divorce, equitable distribution of property, alimony, child support, child custody and the enforcement of separation or property settlement agreements between spouses, or recovery for the breach thereof"). In their brief, Defendants argue that this Court's decisions in *Hudson Int'l, Inc. v. Hudson*, 145 N.C. App. 631, 550 S.E.2d 571 (2001), and *Garrison v. Garrison*, 90 N.C. App. 670, 369 S.E.2d 628 (1988), demonstrate that the trial court erred by refusing to grant their dismissal motion. We disagree.

In *Hudson*, the wife filed an action in the district court seeking, among other things, postseparation support. *Hudson*, 145 N.C. App. at 632, 550 S.E.2d at 572. During the pendency of the domestic claim, a corporation in which the husband owned an interest filed a declaratory judgment action in the superior court seeking sole ownership of a residence which had been titled to the corporation despite the fact that it had been built using marital property. *Id.* at 632-33, 550 S.E.2d at 572. This Court affirmed the superior court's decision to dismiss the declaratory judgment action pursuant to N.C. Gen. Stat. § 7A-244. *Id.* at 637-38, 550 S.E.2d at 575. Similarly, in *Garrison*, after granting the parties an absolute divorce, the district court announced the intention of addressing the parties' equitable distribution claims at a later time. *Garrison*, 90 N.C. App. at 671, 369 S.E.2d at 628-29. Subsequently, the husband initiated a partition proceeding in the

---

leading up to the entry of the challenged orders. Although the record strongly suggests that Defendants did not follow the procedures set out in N.C.R. App. P. 11(c) in connection with the submission of the proposed supplement to the record on appeal, we have, out of an abundance of caution, elected to consider those materials in the course of our review of Defendants challenges to the trial court's orders. However, given that they merely show that certain information concerning the $24,000.00 that Defendant Christine Jessee allegedly converted to her own use was the subject of an information disclosure order entered in the Alamance County domestic case and that Plaintiff obtained access to the former marital residence for the purpose of attempting to identify and obtain possession of certain items of allegedly separate personal property in that same litigation, we do not believe that the materials contained in the Rule 11(c) supplement substantially affect our decision in this case.

superior court seeking to have property that he held jointly with his former wife partitioned. *Id.* In overturning the superior court's decision to grant the husband's partition petition, this Court held that the district court had not lost jurisdiction and that its exclusive jurisdiction over the disposition of the property barred the husband's request for partition. *Id.* at 672, 369 S.E.2d at 629. According to Defendants, the principles enunciated in *Garrison* and *Hudson* compel the conclusion that the equitable distribution claims pending in the Alamance County domestic action deprived the Forsyth County Superior Court of jurisdiction to hear the Forsyth County action.

As this Court has recently stated, "[a]t the core of *Garrison* and *Hudson* were two principles: (1) the same property was the subject of both the superior and district court actions, and (2) the relief sought and available was similar in each suit." *Burgess v. Burgess,* — N.C. App. —, —, 698 S.E.2d 666, 669 (2010). In reliance on this standard, we held in *Burgess* that, while the maintenance of a separate superior court action for equitable divestiture of certain shares of stock in a closely held corporation was barred by the parties' equitable distribution action, the same was not true of separate superior court claims for breach of fiduciary duty, an accounting, and the inspection of corporate books and records. *Id.* at —, 698 S.E.2d at 672. When evaluated against the standard enunciated in *Burgess,* Defendants' argument fails.

The resolution of an equitable distribution action requires the District Court to "determine what is the marital [] and divisible property" and to "provide for an equitable distribution of the marital property[3] and divisible property[4] between the parties in accordance with the provisions of [the Equitable Distribution Act.]" N.C. Gen. Stat. § 50-20(a). In conducting an equitable distribution proceeding, "the trial court is required to conduct a three-step analysis: 1) identifica-

---

3. "Marital property" is defined as "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned[.]" N.C. Gen. Stat. § 50-20(b)(1).

4. "Divisible property" is defined as "all appreciation and diminution in value of marital property and divisible property of the parties occurring after the date of separation and prior to the date of distribution" exclusive of "that appreciation or diminution in value which is the result of postseparation actions or activities of a spouse[;]" "[a]ll property, property rights, or any portion thereof received after the date of separation but before the date of distribution that was acquired as a result of the efforts of either spouse during the marriage and before the date of separation[;]" "[p]assive income from marital property received after the date of separation[;]" and "[i]ncreases and decreases in marital debt and financing charges and interest related to marital debt." N.C. Gen. Stat. § 50-20(b)(4).

tion of marital and separate property; 2) determination of the net market value of the marital property as of the date of separation; and 3) division of the property between the parties." *Estate of Nelson v. Nelson*, 179 N.C. App. 166, 168, 633 S.E.2d 124, 126-27 (2006) (citing *Willis v. Willis*, 86 N.C. App. 546, 550, 358 S.E.2d 571, 573 (1987)), *aff'd*, 361 N.C. 346, —— S.E.2d —— (2007). As part of this process, "[d]ebt[s], as well as assets, must be classified as marital or separate property[,]" *Byrd v. Owens*, 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987), with "marital debt[s]" defined as "a debt incurred during the marriage for the joint benefit of the parties." *Geer v. Geer*, 84 N.C. App. 471, 475, 353 S.E.2d 427, 429 (1987) (citing *Allen v. Allen*, 287 S.C. 501, 506, 339 S.E.2d 872, 875-76 (1986)).

The matters in dispute between the parties in the Forsyth County case stem from Plaintiff's claims that (1) Defendant Christine Jessee wrongfully converted Plaintiff's Social Security checks after the date of separation, (2) Defendant Christine Jessee wrongfully incurred substantial amounts of indebtedness in Plaintiff's name after the date of separation, and (3) Defendants Christine Jessee, Sandra L. Stewart, and the Jessee Family Trust utilized the proceeds of the debts for which Plaintiff was wrongfully obligated to obtain unencumbered title to the former marital residence and then fraudulently conveyed the former marital residence to Defendant Jessee Family Trust, subject to a retained life estate in Defendant Christine Jessee. Defendants have offered no specific suggestions as to the reason that these claims are barred by or completely subsumed within the pending Alamance County domestic action, and none appear to us.

The first two categories of claims asserted in the Forsyth County action relate to property allegedly accumulated and debts allegedly incurred, contrary to contentions repeatedly stated in Defendants' brief, after the date of separation. In addition, these items of property and debts do not stem from activities in any way related to the marriage or the parties' marital or divisible property; in fact, Plaintiff's complaint in the Forsyth County action explicitly alleges that Defendant Christine Jessee converted these checks and incurred this indebtedness for her own personal benefit. For that reason, the check and debts in question are not "marital property" or "divisible property" subject to distribution in an equitable distribution action. Moreover, we see no adequate mechanism for fully accommodating Plaintiff's claims for compensatory and punitive damages relating to these amounts within the confines of the Alamance County domestic action, particularly given that the District Court's distribution deci-

sion is supposed to be predicated on, among other things, waste or neglect involving "marital property or divisible property, or both," occurring "during the period after separation of the parties and before the time of distribution" in determining the appropriateness of an unequal distribution in favor of one party or another. N.C. Gen. Stat. § 50-20(c)(11a).[5] In addition, without more information than is contained in the present record, we are unable to determine whether the amount of marital and divisible property that will be subject to the court's jurisdiction in the Alamance County domestic case is sufficiently large to permit the complete rectification of the wrong that Plaintiff alleges that Defendant committed by means of an unequal distribution of marital and divisible property as authorized by N.C. Gen. Stat. § 50-20. Similarly, although a trial judge deciding an equitable distribution case "must consider" "the liabilities of each party" and "the separate property owned by each party at the time the property division is to become effective[,]" *Talent v. Talent*, 76 N.C. App. 545, 554-55, 334 S.E.2d 256, 261-62 (1985) (citing N.C. Gen. Stat. § 50-20(c)(1) and *Loeb v. Loeb*, 72 N.C. App. 205, 216, 324 S.E.2d 33, 41, *cert. denied*, 313 N.C. 508, 329 S.E.2d 393 (1985)), in equitably distributing the parties' marital and divisible property, we do not believe that this generalized ability to consider the overall financial position of the parties in making a distribution decision assures that Plaintiff will receive relief or even obtain complete consideration of his tort-based claims in the Alamance County domestic case to such an extent as to deprive the Forsyth County Superior Court of jurisdiction over Plaintiff's claims. As we noted in connection with our discussion of the distribution factor set out in N.C. Gen. Stat. § 50-20(c)(11a), in the event that the size of Plaintiff's claim exceeds the net value of the property available for distribution in the Alamance County domestic case and Defendant Christine Jessee later obtains additional assets upon which Plaintiff would be entitled to levy, Plaintiff will have effectively been deprived of an adequate remedy for his tort-based damage claims. As a result, Plaintiff is clearly not barred from asserting compensatory and punitive damage claims relating to these checks and debts separately and apart from the Alamance County domestic case.

---

5. In the event that the District Court's ability to consider other relevant factors in its distribution decision pursuant to N.C. Gen. Stat. § 50-20(c)(12) sufficed to sweep these components of Plaintiff's claims into the ambit of the Alamance County domestic action, then no claim could ever survive a jurisdictional challenge lodged pursuant to N.C. Gen. Stat. § 7A-244, a result that is clearly untenable in the aftermath of *Burgess*.

Similarly, while the extent to which the former marital residence should be classified as marital property and distributed among the parties will, necessarily, be addressed in the Alamance County domestic action, the same is not necessarily true of the extent, if any, to which Defendant Christine Jessee utilized impermissibly obtained monies to obtain clear title to the former marital residence and then engaged in a fraudulent conveyance by transferring the property in question to Defendant Sandra L. Stewart in her capacity as trustee of Defendant Jessee Family Trust. On the contrary, the extent to which Defendants utilized impermissibly obtained funds to obtain clear title to and then fraudulently transferred the unencumbered former marital residence to Defendant Jessee Family Trust has little, if anything, to do with claims between Plaintiff and Defendant as to the value of that asset and the extent to which and manner in which it is subject to distribution between the parties pursuant to N.C. Gen. Stat. § 50-20. Moreover, since the allegedly fraudulent conveyance occurred after and involved the use of monies impermissibly obtained at Plaintiff's expense after the date of separation, it is not clear that Defendants' alleged actions can be appropriately considered and, if necessary, fully rectified in the course of the District Court's distribution decision pursuant to N.C. Gen. Stat. §§ 50-20(c)(1) and 50-20(c)(11a) for the reasons we have previously discussed in connection Plaintiff's tort-based damage claims. Finally, as Plaintiff points out in his brief before this Court, the entry of a judgment returning title to the former marital residence to Defendant Christine Jessee will make even that portion of the value of the former marital residence that is distributed to Defendant Christine Jessee or treated as her separate property in the Alamance County domestic action available for use in satisfying any judgment that Plaintiff obtains as a result of the independent monetary claims he has asserted against Defendant Christine Jessee in the Forsyth County action. Although the District Court certainly has the authority to join Defendants Sandra L. Stewart and the Jessee Family Trust as additional parties to the Alamance County equitable distribution case, *Upchurch v. Upchurch*, 122 N.C. App. 172, 176, 468 S.E.2d 61, 63-64 (stating that, "when a third party holds legal title to property which is claimed to be marital property, that third party is a necessary party to the equitable distribution proceeding, with their participation limited to the issue of the ownership of that property"), *disc. review denied*, 343 N.C. 517, 472 S.E.2d 26 (1996);[6] to return

6. In fact, the court presiding over the Alamance County domestic case would lack jurisdiction to value and distribute the former marital residence unless Defendants Sandra L. Stewart and the Jessee Family Trust were made parties to that

title to the divorcing parties, *Sharp v. Sharp*, 133 N.C. App. 125, 128, 514 S.E.2d 312, 314 (stating that "[a] judge in an equitable distribution action may recognize both legal and equitable interests in property and distribute such interests to the divorcing parties, even if such distribution requires an interest be 'wrested from the hands of the legal titleholder by the imposition of a constructive trust'") (quoting *Upchurch v. Upchurch*, 128 N.C. App. 461, 463, 495 S.E.2d 738, 739, *disc. review denied*, 348 N.C. 291, 501 S.E.2d 925 (1998)), *rev'd on other grounds*, 351 N.C. 37, 519 S.E.2d 523 (1999), *Mugno v. Mugno*, —— N.C. App. ——, ——, 695 S.E.2d 495, 498 (2010) (stating that "[w]hile third-party entities, whether corporations or individuals, holding marital assets in trust or whom are transferees defrauding a creditor spouse may be subject to legal action to secure marital property in an equitable distribution action, there are no findings here to suggest that such subterfuge was present") (citing *Upchurch*, 122 N.C. App. at 176, 468 S.E.2d at 63-64); to make an award to Plaintiff that reflects the value of his marital interest in the former marital residence and to account for any "[a]ct[] of either party . . . to waste, neglect, devalue or convert the marital property or divisible property . . . during the period after separation of the parties and before the time of distribution[,]" N.C. Gen. Stat. § 50-20(c)(11a), in the course of equitably distributing the parties' marital and divisible property, our decisions do not assure that it would be able to ensure that any portion of the former marital residence allocated to Defendant Christine Jessee would remain titled to her individually so as to render it available for the purpose of satisfying any judgment that Plaintiff might obtain against Defendant Christine Jessee independent of the claims that the parties have against each other as a result of the termination of their marital relationship. In addition, the trial judge responsible for deciding the parties' equitable distribution case would not be able to render any of Defendant Christine Jessee's separate property subject to execution to satisfy Plaintiff's tort-based claims. As a result, we conclude that the trial court correctly denied Defendants' motion to dismiss the Forsyth County action based on the exclusive jurisdiction provisions of N.C. Gen. Stat. § 7A-244.

### 2. Prior Pending Action

**[3]** Secondly, Defendants contend that the trial court erred by failing to find that the Alamance County domestic action required the dis-

---

proceeding. *Daetwyler v. Daetwyler*, 130 N.C. App. 246, 252, 502 S.E.2d 662, 666 (stating that "[t]he trial court was therefore without jurisdiction to distribute any portion of the certificates because Defendant's mother and sister were not parties to the equitable distribution proceeding"), *aff'd*, 350 N.C. 375, 514 S.E.2d 89 (1998).

missal of the Forsyth County case under the "prior pending action" doctrine. Once again, we are not persuaded by Defendants' argument.

"Under the law of this state, where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action." *Eways v. Governor's Island*, 326 N.C. 552, 558, 391 S.E.2d 182, 185 (1990) (citing *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 398, 72 S.E.2d 860, 862 (1952) (stating that "[t]he pendency of a prior action between the same parties for the same cause in a State court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of the State having like jurisdiction") and *Cameron v. Cameron*, 235 N.C. 82, 84, 68 S.E.2d 796, 798 (1952) (stating that "[t]he pendency of a prior action between the same parties for the same cause in a State court of competent jurisdiction works [a]n abatement of a subsequent action either in the same court or in another court of the State having like jurisdiction")). The "prior pending action" doctrine involves "essentially the same questions as the outmoded plea of abatement," *Nationwide Mut. Ins. Co. v. Douglas*, 148 N.C. App. 195, 197, 557 S.E.2d 592, 593 (2001), and is, obviously enough, intended to prevent the maintenance of a "subsequent action [that] is wholly unnecessary" and, for that reason, furthers "the interest of judicial economy." *State ex rel. Onslow County v. Mercer*, 128 N.C. App. 371, 375, 496 S.E.2d 585, 587 (1998). "The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Cameron*, 235 N.C. at 85, 68 S.E.2d at 798 (citations omitted); *see also Clark v. Craven Regional Medical Authority*, 326 N.C. 15, 20, 387 S.E.2d 168, 171 (1990).

As we have already noted, while both Plaintiff and Defendant Christine Jessee are parties to the Alamance County action, Defendants Sandra L. Stewart and the Jessee Family Trust are only named as parties in the Forsyth County action. In addition, the issues raised by the Forsyth County action include whether Defendant Christine Jessee, after the date of separation, improperly converted two Social Security checks that properly belonged exclusively to Plaintiff to her own use, incurred large amounts of indebtedness in Plaintiff's name and without his permission for her own use after the date of separation, and utilized the proceeds of the impermissibly

incurred debts to obtain clear title to and, with the assistance of Defendants Sandra L. Stewart and Jessee Family Trust, fraudulently conveyed the former marital residence to Defendant Jessee Family Trust after the date of separation. For the reasons set forth in more detail above, Defendants have not demonstrated that any of the issues raised by these claims are completely subsumed in or will be completely resolved by the litigation of the parties' claims in the Alamance County domestic action. Thus, for essentially the same reasons set forth in connection with our analysis of Defendants' claim that the trial court erred by denying their dismissal motion predicated upon the exclusive jurisdiction provisions of N.C. Gen. Stat. § 7A-244, we conclude that the trial court did not err by denying Defendants' motion that the Forsyth County action be dismissed pursuant to the "prior pending action" doctrine.

### III. Conclusion

For the reasons stated above, we conclude that the trial court did not err by denying Defendants' motions to dismiss the Forsyth County action based upon the exclusive jurisdiction provisions of N.C. Gen. Stat. § 7A-244 and the "prior pending action" doctrine. Thus, the trial court's order should be, and hereby is, affirmed. However, despite our belief that neither N.C. Gen. Stat. § 7A-244 nor the "prior pending action" doctrine mandate dismissal of the Forsyth County action, there is a clear interrelationship between the two cases, such that the equitable distribution portion of the Alamance County domestic relations case should be resolved prior to the determination of the Forsyth County case. For that reason, we further conclude that the Forsyth County case should be held "in abeyance pending resolution of the" Alamance County domestic relations case, *Keith v. Wallerich,* —— N.C. App. ——, ——, 687 S.E.2d 299, 304 (2009), and the results of that equitable distribution case taken into consideration in the resolution of the Forsyth County case.

AFFIRMED.

Judge McGEE concurs.

Judge STROUD concurs in result only by separate opinion.

STROUD, Judge, concurring in result only.

I concur with the result reached by the majority opinion. I write separately to note that I continue to disagree with the analysis of

*Garrison* and *Hudson* as stated in the majority opinion. Defendant-wife argues that

> [o]ur Courts have uniformly held that when a party files an action listed in Section 7A-244 in District Court and another action relating to the subject matter of the prior action is then filed in Superior Court, the District Court's jurisdiction over the subject has already been invoked by the parties to the first action . . . . In actions similar to this one, our Courts have been unvarying in ruling that the trial court should dismiss the action.

Until *Burgess v. Burgess*, —— N.C. App. ——, 698 S.E.2d 666 (2010) defendant-wife was correct. As I stated in my opinion concurring in part and dissenting in part in *Burgess*,

> I differ somewhat from the majority opinion as to the interpretation of *Garrison v. Garrison*, 90 N.C. App. 670, 369 S.E.2d 628 (1988) and *Hudson Int'l, Inc. v. Hudson*, 145 N.C. App. 631, 550 S.E.2d 571 (2001). The majority opinion notes that "[a]t the core of *Garrison* and *Hudson* were two principles: (1) the same property was the subject of both the superior and district court actions, and (2) the relief sought and available was similar in each suit." However, I differ with the majority opinion as to its assertion that identity of the property and similarity of relief are the controlling principles of *Garrison* and *Hudson*. The controlling principle of *Garrison* and *Hudson* is the invocation of the jurisdiction of the District Court. *See Hudson Int'l, Inc. v. Hudson*, 145 N.C. App. 631, 550 S.E.2d 571 (2001); *Garrison v. Garrison*, 90 N.C. App. 670, 369 S.E.2d 628 (1988).

*Id.* at ——, 698 S.E.2d at 673.

I concur in the result in part because I am bound to follow *Burgess* as precedent, despite my disagreement with certain parts of the opinion. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("[A] panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court."). In addition, it appears from the record before us that the trial court did not have the benefit of all of the orders entered in the Alamance County equitable distribution case when it ruled upon defendant-wife's motion to dismiss. Plaintiff-husband filed a counterclaim for equitable distribution in Alamance County, as noted by the majority. But it appears that the Superior Court, Forsyth

County may not have been informed that the District Court, Alamance County had also entered several orders addressing some of the very same issues raised in the Forsyth County action. For example, on 3 September 2008, the parties entered a consent order in which they agreed that their date of separation was 9 May 2008, a date upon which the parties inexplicably still seem to disagree in their briefs before this court, and plaintiff-husband was ordered to provide documentation regarding some of the credit card debts he alleges that defendant-wife incurred after the date of separation. On 19 March 2009, District Court, Alamance County entered an order which granted plaintiff-husband's request for an injunction against defendant-wife's "transfer, sale, conveyance, disappearance, waste or conversion" of marital property, specifically including the marital home, which is also a subject of this action. Plaintiff-husband filed the Forsyth County action *after* entry of both of these Alamance County orders. However, I concur in the result, as the Forsyth County action will be stayed until completion of the Alamance County action, so that any overt conflict between the orders of the two courts addressing the same parties, property, and issues will be avoided.

I therefore concur in result only.