An unpublished opinion of the North Carolina Court of Appeals does not constitute
controlling legal authority. Citation is disfavored, but may be permitted in accordance
with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1264

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

EDWARD LEWIS MURRELLE,
    Plaintiff,

v.

CYNTHIA STARCALA MURRELLE,
    Defendant.

Carteret County
Nos. 10 CVD 1713, 12 CVD 133

Appeal by Plaintiff from order entered 30 April 2013[1] by Judge Peter Mack in Carteret County District Court. Heard in the Court of Appeals 5 March 2014.

> *Schulz Stephenson Law, by Bradley N. Schultz and Sundee G. Stephenson, for Plaintiff.*

> *Anderson Jones, PLLC, by Todd A. Jones and M. Caroline Lindsey, for Defendant.*

STEPHENS, Judge.

*Factual and Procedural Background*

---

[1] Plaintiff's amended notice of appeal lists twelve other orders entered on various dates by several Carteret County District Court judges. For the reasons discussed below, Plaintiff's purported appeal of those orders is dismissed.

This appeal arises from several interlocutory orders entered in legal actions surrounding the dissolution of the parties' marriage. Plaintiff Edward Lewis Murrelle and Defendant Cynthia Starcala Murrelle were married in April 1995. On 21 December 2010, Defendant filed a complaint in file number 10 CVD 1713 in Carteret County District Court seeking a divorce from bed and board, post-separation support, alimony, and attorney's fees ("Defendant's case"). On the same date, Defendant moved for injunctive relief to prevent Plaintiff from canceling Defendant's health insurance. An *ex parte* order enjoining Plaintiff from canceling Defendant's health insurance was entered on 21 December 2010.

On 25 January 2011, Plaintiff answered Defendant's complaint and counterclaimed for divorce from bed and board and for equitable distribution. On 31 May 2011, Plaintiff moved for dismissal of Defendant's claims for post-separation support, alimony, and attorney's fees, asserting a lack of subject matter jurisdiction. In support of his motion, Plaintiff noted that Defendant's complaint had alleged that the parties were still living in the marital residence and that Defendant's reply to Plaintiff's counterclaims alleged that the parties were not separated. The district court denied that motion.

On 3 August 2011, Defendant filed a motion in the cause asking that Plaintiff be ordered to pay for and not cancel her health insurance during the pendency of her action for divorce from bed and board and alimony; an order granting this motion and awarding spousal support in the form of health insurance was entered on 5 August 2011. On 4 August 2011, the court entered an order which dismissed Defendant's December 2010 *ex parte* order and denied Plaintiff's motion to dismiss. On 16 August 2011, a memorandum of judgment/order was entered in which Plaintiff agreed to continue Defendant's health insurance, and Defendant agreed to the listing of the marital residence for sale.[2] On 28 February 2012, Plaintiff moved for relief from the 4 August 2011 order to the extent it denied his first motion to dismiss, renewing that earlier motion at the same time.

Plaintiff filed his complaint for absolute divorce in file number 12 CVD 133 in Carteret County District Court on 7 February 2012 ("Plaintiff's case"). In that complaint, Plaintiff alleged that he and Defendant had been separated since 25 January 2011. Defendant filed an unverified motion to

---

[2] During the course of the litigation between the parties, dozens of other motions and filings were made in Carteret County District Court. We include in our procedural history only those which are relevant to the resolution of this appeal or which provide context therefor.

dismiss Plaintiff's case pursuant to Rule 12(b)(6), alleging that the parties had not separated. On 17 July 2012, Plaintiff moved for summary judgment on his claim for absolute divorce. At a hearing on 6 August 2012, the court stated its intention to grant the absolute divorce. Defendant's attorney requested leave until 4:30 p.m. that day to file whatever counterclaims were necessary to preserve Defendant's claim for equitable distribution. Plaintiff's counsel agreed to this request in open court.

Defendant then filed an answer along with the agreed-to counterclaim for equitable distribution in Plaintiff's case. Defendant's answer disputed the date of separation of the parties set forth in Plaintiff's complaint and discussed at the hearing on 6 August. On 7 August 2012, Plaintiff filed a motion to strike and motion to shorten time, noting Defendant had not complied with the agreement reached between counsel the previous day. On the same date, the court entered three orders: one denying Defendant's motion to dismiss the divorce complaint, one granting Plaintiff's motion to shorten time and to strike parts of Defendant's answer, and one granting Plaintiff's motion for absolute divorce. In the court's summary judgment order granting an absolute divorce, which was entered *nunc pro tunc* to

6 August 2012, the court found the parties' date of separation to be 25 January 2011. Defendant gave notice of appeal from that judgment, but later abandoned her appeal.

On 30 October 2012, Plaintiff filed a motion to dismiss Defendant's equitable distribution claim in 12 CVD 133 for lack of subject matter jurisdiction. That motion stated that "there already exists an action for equitable distribution pending in Carteret County File Number 10 CVD 1713." On 9 November 2012, Defendant moved (1) to dismiss Plaintiff's motion to dismiss her equitable distribution claim, (2) to join the two files (10 CVD 1713 and 12 CVD 133), and (3) for attorney's fees.

On 11 January 2013, Plaintiff responded with a motion to abate the second equitable distribution claim. On that day, the district court reviewed the pending motions and denied Plaintiff's motion to dismiss Defendant's equitable distribution counterclaims in 12 CVD 133. The written order was entered on 30 April 2013, *nunc pro tunc* to 11 January 2013. A second order was also entered on 30 April 2013, *nunc pro tunc* to 11 January 2013, which granted Defendant's motion to consolidate the files and denied Plaintiff's motion to abate.

Plaintiff appeals from both 30 April 2013 orders in file 12 CVD 133. Plaintiff also gave notice of appeal from eleven other

interlocutory orders in 10 CVD 1713:   the *ex parte* order signed 21 December 2010; continuance orders filed 29 December 2010, 4 January 2011, 15 February 2011, 31 May 2011, and 15 August 2011; and other orders filed 12 January 2011, 31 May 2011, 4 August 2011, 5 August 2011, and 16 August 2011.   On 8 November 2013, Plaintiff filed a conditional petition for writ of *certiorari*.

*Grounds for Appellate Review/Defendant's Motion to Dismiss*[3]

On 19 December 2013, Defendant filed a motion for sanctions and to dismiss Plaintiff's appeal as interlocutory.   We recently considered a similar interlocutory appeal in *Jessee v. Jessee*, 212 N.C. App. 426, 713 S.E.2d 28 (2011).   Just as in that case, we agree that the orders from which Plaintiff seeks to appeal are

> clearly interlocutory rather than final in nature, since the trial court's orders were made during the pendency of an action and do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy, and since the trial court's order did not settle and determine the entire controversy between the parties.   As a general proposition, there is no right of

---

[3] Our General Statutes have recently been amended to permit appeals from interlocutory orders or judgments from any "claim[s] prosecuted under G.S. 50-19.1." N.C. Gen. Stat. § 7A-27(b)(3)(e) (2013).   However, this provision became effective 23 August 2013, 2013 N.C. Sess. Laws 411, s. 1, and thus is inapplicable to the appeal in this matter.

> immediate appeal from interlocutory orders and judgments. A trial court's refusal to abate an action based upon the prior pending action doctrine is, however, immediately appealable. On the other hand, a trial court order's refusal to dismiss a complaint for lack of subject matter jurisdiction is not subject to appellate review on an interlocutory basis as a matter of right.

*Id.* at 431, 713 S.E.2d at 32-33 (citations, internal quotation marks, and brackets omitted). In *Jessee*, even though there was no right of immediate appeal from the denial of the motion to dismiss, due to the "interrelated nature of [the] . . . twin challenges to the trial court's order," this Court elected to address the merits of both. *Id.* at 431, 713 S.E.2d at 33. Here, in contrast, the issues presented in Plaintiff's appeal are not closely interrelated. Unlike the appellant in *Jessee* who challenged a single order on two bases, Plaintiff's notice of appeal involves some thirteen orders entered in two files over a nearly three-year span.

More importantly, as discussed below, resolution of the issue involving Plaintiff's motion to abate does not involve the same facts, law, reasoning, or analysis as would be implicated in addressing the merits of the other interlocutory orders from which he seeks to appeal, to wit, the *ex parte* order signed 21 December 2010 which prohibited Defendant from canceling

Plaintiff's health insurance; continuance orders filed 29 December 2010, 4 January 2011, 12 January 2011, 15 February 2011, 31 May 2011, and 15 August 2011; and other orders filed 31 May 2011 (trial judge declining to recuse himself), 4 August 2011 (dismissing Plaintiff's *ex parte* order and denying Defendant's motion to dismiss), 5 August 2011 (preventing Defendant from canceling Plaintiff's health insurance), and 16 August 2011 (requiring Defendant to continue Plaintiff's health insurance and requiring parties to list their marital residence and a boat slip for sale); and the 30 April 2013 order denying Plaintiff's motion dismiss Defendant's counterclaim.

Accordingly, we deny Defendant's motion to dismiss as to the order denying Plaintiff's motion to abate and reach the merits of that argument. We deny Defendant's motion for sanctions in light of Plaintiff's right of immediate appeal from the denial of his motion to abate. However, we allow Defendant's motion to dismiss as to Plaintiff's purported appeal from the remaining interlocutory orders. For the same reasons discussed *supra*, we deny Plaintiff's conditional petition for writ of *certiorari*.

*Discussion*

Plaintiff argues that the trial court erred in denying his motion to abate. We disagree.

Plaintiff sought to abate Defendant's counterclaim for equitable distribution in 12 CVD 133 based upon the prior pending action doctrine.[4]

> Under the law of this [S]tate, where a prior action is pending between the same parties for the same subject matter in a court within the [S]tate having like jurisdiction, the prior action serves to abate the subsequent action. The prior pending action doctrine involves essentially the same questions as the outmoded plea of abatement, and is, obviously enough, intended to prevent the maintenance of a subsequent action that is wholly unnecessary and, for that reason, furthers the interest of judicial economy. The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?

*Id.* at 438, 713 S.E.2d at 37 (citations, internal quotation marks, and brackets omitted).

---

[4] We note that the only "prior action pending" to which Plaintiff seeks to apply the abatement doctrine is his counterclaim for equitable distribution in the case Defendant initiated. Were Plaintiff to prevail in this attempt, Defendant would lose all equitable distribution rights.

However, our General Statutes explicitly permit the possibility of multiple actions related to the dissolution of marriages under Chapter 50:

> (a) Notwithstanding the provisions of [section] 1A-1, Rule 13(a), any action for divorce under the provisions of [section] 50-5.1 or [section] 50-6 that is filed as an independent, separate action may be prosecuted during the pendency of an action for:
>
> (1) Alimony;
>
> (2) Postseparation support;
>
> (3) Custody and support of minor children;
>
> (4) Custody and support of a person incapable of self-support upon reaching majority; or
>
> (5) Divorce pursuant to [section] 50-5.1 or [section] 50-6.
>
> (b) Notwithstanding the provisions of [section] 1A-1, Rule 13(a), any action described in subdivision (a)(1) through (a)(5) of this section that is filed as an independent, separate action may be prosecuted during the pendency of an action for divorce under [section] 50-5.1 or [section] 50-6.

N.C. Gen. Stat. § 50-19 (2013). Further, our General Statutes explicitly provide three ways to bring an equitable distribution claim:

> At any time after a husband and wife begin to live separate and apart from each other, a claim for equitable distribution may be filed and adjudicated, either [(1)] as a separate civil action, or [(2)] together with any other action brought pursuant to Chapter 50 of the General Statutes, or [(3)] as a motion in the cause as provided by [section] 50-11(e) or (f).

N.C. Gen. Stat. § 50-21(a) (2013).

Here, Defendant initiated the proceedings between the parties under Chapter 50 on 21 December 2010 by filing of her complaint for divorce from bed and board, post-separation support, alimony, and attorney's fees in 10 CVD 1713. Despite the pendency of the claims in Defendant's action, Plaintiff elected to file his action for absolute divorce as a separate action. As noted *supra*, this was permitted by section 50-19(a). *See* N.C. Gen. Stat. § 50-19(a). Likewise, per subsection 50-19(b), Defendant elected to file an equitable distribution counterclaim in Plaintiff's action. *See* N.C. Gen. Stat. § 50-19(b). Our General Assembly having clearly provided for multiple actions in the context of Chapter 50 actions, the doctrine of abatement does not apply to such circumstances. Accordingly, Plaintiff's argument is overruled.

AFFIRMED.

Judges BRYANT and DILLON concur.

Report per Rule 30(e).